OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Christie Collins, filed July 25, 2005. On May 9, 2005, Appellant pled guilty to one count of identity fraud, in violation of R.C. 2913.49(B)(1). The trial court ordered Collins to pay restitution and sentenced her to a ten-month prison term, to be served consecutively to prison terms imposed in two other criminal cases (2004 CR 3534 and 2005 CR 462), for an aggregate sentence of four years and eight months.
 {¶ 2} Collins' first assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT ERRED IN ORDERING RESTITUTION IN AN UNDETERMINED AMOUNT."
 {¶ 4} The trial court did not specify the amount of restitution to be paid by Collins. A trial court is required to determine the specific amount of restitution to be paid by a defendant. R.C. 2929.18(A)(1); State v. Vaughn, Montgomery App. No. 1564, 2002-Ohio-4975. A trial court's failure to establish the amount of restitution at the sentencing hearing constitutes plain error requiring remand. State v. Brodman, Hardin App. Nos. 6-02-05, 6-02-06, 2002-Ohio-5584. The State concedes that, "[b]ecause the trial court ordered Collins to pay restitution in an undetermined amount and failed to indicate an amount in the restitution order, Collins' case must be remanded to the trial court." Collins' first assignment of error is sustained, and this matter is remanded to the trial court for a determination of the amount of restitution to be paid by Collins.
 {¶ 5} Collins' second assignment of error is as follows:
 {¶ 6} "APPELLANT WAS DEPRIVED OF HER CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 7} Collins' only claimed deficiency is her counsel's failure to object to the trial court's ordering payment of restitution in an unspecified amount. Having found plain error and remanded the matter above, we need not address Collins' second assignment of error.
Judgment reversed and remanded.
Grady, P.J. and Brogan, J., concur.