OPINION
{¶ 1} On June 21, 2007, Defendant, David E. Plassenthal, was convicted of three traffic offenses arising from a collision between his vehicle and a vehicle driven by Jimmy Gilliam. Those offenses are failure to stop after an accident, R.C. 4549.02, driving without a license, *Page 2 
R.C. 4510.12, and driving under suspension, R.C. 4510.16.
 {¶ 2} On September 25, 2007, the trial court sentenced Defendant to ninety days in jail, suspended, and placed him on probation for two years. Defendant was also fined one hundred dollars, ordered to pay court costs, his license was suspended, and the matter was referred to the court's probation department to determine the amount of restitution Defendant owes Gilliam for damage to his vehicle.
 {¶ 3} Defendant filed a timely notice of appeal on October 22, 2007. His sentence was stayed pending appeal.
 ASSIGNMENT OF ERROR {¶ 4} "THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT, WHO WAS CONVICTED OF `HIT SKIP,' TO PAY RESTITUTION FOR DAMAGES TO THE COMPLAINING WITNESS'S VEHICLE THAT AROSE FROM THE TRAFFIC ACCIDENT, AS SUCH DAMAGES DID NOT DIRECTLY ARISE FROM THE CONDUCT FOR WHICH DEFENDANT WAS CONVICTED; THEREFORE, THE ORDER TO PAY RESTITUTION MUST BE VACATED."
 {¶ 5} Defendant argues that the trial court erred in sentencing him to pay restitution for the damages to Gilliam's vehicle arising from the collision, because those damages were not caused by the offenses of which Defendant was convicted, the two license violations and failure to stop after an accident in violation of R.C. 4549.02, which involves conduct *Page 3 
that occurred after the collision with Gilliam's vehicle. Columbus v.Cardwell, Franklin App. No. 07AP-519, 2008-Ohio-1725; State v.Brumback (1996), 109 Ohio App.3d 65; R.C. 2929.28.
 {¶ 6} The State argues that Defendant was not prejudiced by the error assigned. The State points out that the judgment from which Defendant appeals was subsequently modified by the trial court, nunc pro tunc, on May 21, 2008, to delete the restitution order, because Jimmy Gilliam had failed to respond to the probation office's request to submit an estimate of the cost of damages to his vehicle that would allow the court to determine the specific amount of restitution Defendant would owe.
 {¶ 7} R.C. 2929.28(A)(1) authorizes a court that imposes a sentence for a misdemeanor offense to order restitution, and provides: "If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender." Concerning the same requirement applicable to felony sentencing, R.C. 2929.18(A)(1), we have held that when restitution is imposed, the court must determine the specific amount of restitution the offender owes. State v. Collins, Montgomery App. No. 21182, 2006-Ohio-3036.
 {¶ 8} To be final and subject to appellate review, a *Page 4 
judgment or order must affect a "sustantial right." R.C. 2505.02. A restitution order that fails to determine the amount of restitution owed does not affect a substantial right. The order remains interlocutory until a specific amount of restitution owed is determined. And, being interlocutory, the order is subject to modification for that purpose.
 {¶ 9} The court modified the restitution provision in the September 25, 2007 sentencing order in the nunc pro tunc order that the court filed on May 21, 2008. However, because the September 25, 2007 order was not final, there was no need to employ the courts' nunc pro tunc authority, which in any event may be used for substantive modifications, but only to correct clerical errors. Crim. R. 36; Helle v. PublicUtilities Commission (1928), 118 Ohio St.435.
 {¶ 10} Instead of determining a specific amount of restitution owed, the court's May 21, 2008 order deleted the restitution requirement in its September 25, 2007 order. Defendant's notice of appeal is premature in relation to that May 21, 2008, final judgment. App. R. 4(C). Because no restitution was ordered in that judgment, Defendant's assignment of error lacks merit.
 {¶ 11} The assignment of error is overruled. The judgment *Page 5 
of the trial court will be affirmed.
BROGAN, J. And DONOVAN, J., concur.
Copies mailed to:
Amy B. Musto, Esq. Elizabeth A. Seger, Esq. Hon. Dennis J. Greaney *Page 1