[Cite as *State v. Fite*, 2011-Ohio-507.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 10CA888 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| DONOVAN FITE, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | File-stamped date: 2-1-11 |

_____

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Craig M. Jaquith, Ohio State Assistant
Public Defender, Office of the Ohio Public Defender, Columbus, Ohio, for Appellant.

Aaron E. Haslam, Adams County Prosecutor, and Mark R. Weaver, Adams County
Assistant Prosecutor, West Union, Ohio, for Appellee.

_____

Kline, J.:

**{¶1}**     Donovan Fite (hereinafter "Fite") pled guilty to murder and involuntary

manslaughter.  On appeal, Fite raises arguments related to the propriety of his guilty

pleas, the length of his sentence, and the trial court's order of restitution.  Because the

Adams County Common Pleas Court's Judgment Entry on Sentence fails to provide a

method for the payment of restitution, the entry is not a final appealable order.

Accordingly, we do not address Fite's arguments and dismiss this appeal for lack of

jurisdiction.

I.

**{¶2}** Fite shot and killed Samuel Freeland (hereinafter "Freeland") and Regina King (hereinafter "King"). After reaching a plea agreement, Fite pled guilty to one count of murder with a firearm specification and one count of involuntary manslaughter with a firearm specification. After the firearms specifications were merged, the trial court sentenced Fite to a combined term of twenty-eight years to life in prison. The trial court also ordered Fite "to pay restitution in the amount of $12,779.66[.]" Judgment Entry on Sentence at 3.

**{¶3}** Fite appeals and asserts the following three assignments of error: I. "Donovan Fite's guilty plea was not knowing, voluntary, and intelligent because the trial court misinformed him that he would be subject to a limited period of post-release control upon his release from prison." II. "The trial court unlawfully imposed consecutive terms of imprisonment, when it did not make the findings required by statute." And, III. "The trial court erred in imposing a sentence that contains an order of restitution without identification of the individual or entity entitled to receive such restitution."

II.

**{¶4}** Before we may consider the merits of Fite's appeal, we must determine whether the trial court's Judgment Entry on Sentence is a final appealable order. "A court of appeals has no jurisdiction over orders that are not final and appealable." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, at ¶6, citing Section 3(B)(2), Article IV, Ohio Constitution; see, also, R.C. 2505.02. "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal." *State v. Darget*, Scioto App. No. 09CA3306, 2010-Ohio-3541, at ¶4, citing *Eddie v. Saunders*, Gallia App. No. 07CA7, 2008-Ohio-4755, at ¶11. "If the parties do not raise

the jurisdictional issue, we must raise it sua sponte." *Darget* at ¶4, citing *Sexton v. Conley* (Aug. 7, 2000), Scioto App. No. 99CA2655; see, also, *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, syllabus; *Whitaker-Merrell v. Geupel Co.* (1972), 29 Ohio St.2d 184, 186.

**{¶5}**      "A judgment entry ordering restitution is not final and appealable if the entry fails to provide either the amount of restitution or the method of payment." *City of Toledo v. Kakissis*, Lucas App. No. L-07-1215, 2008-Ohio-1299, at ¶3, citing *In re Holmes* (1980), 70 Ohio App.2d 75, 77 ("The order appealed from was not a final appealable order, because it settled neither the amount of restitution nor the method of payment."); *State v. Kuhn*, Defiance App. No. 4-05-23, 2006-Ohio-1145, at ¶8; *State v. Lange*, Mercer App. No. 10-06-28, 2007-Ohio-2280, at ¶8, fn. 1.  See, also, *State v. Baker*, Butler App. No. CA2007-06-152, 2008-Ohio-4426, at ¶43.  Here, the trial court's judgment entry provides an amount of restitution – $12,779.66.  But the judgment entry does *not* provide a method of payment.  That is, the judgment entry does not specify the intended recipients of the restitution.

**{¶6}**      From the record, we can discern the trial court's intentions as to the restitution amount.  Freeland's funeral apparently cost $9,379.66, and King's funeral apparently cost $3,400.  These two figures total $12,779.66, the amount of restitution in the judgment entry.  However, the judgment entry does not provide how the $12,779.66 should be divided among the victims' survivors.  The state argues that we should "simply modify the restitution order to reflect the trial court's obvious intentions with regard to whom restitution is due."  Brief of Appellee at 13.  But after a thorough review of the record, we cannot determine the intended recipients of the restitution order.  We

recognize that the trial court mentioned the victims' families during Fite's sentencing hearing. As the trial court explained, "the Court * * * feels compelled that * * * whatever restitution for the imposition of the funeral expenses * * * that ha[ve] been placed upon the families that * * * Mr. Fite should be required to pay as much as he possibly can[.]" January 8, 2010 Transcript at 40. Here, despite mentioning the victims' families in general, the trial court never mentioned who, specifically, should be repaid the victims' funeral expenses. We cannot discern whether the victims' parents, siblings, children, other family members, or some combination thereof are entitled to restitution. No payment can be completed without an intended recipient. Therefore, because the trial court did not provide a method for the payment of restitution, the Judgment Entry on Sentence is not a final appealable order.

{¶7}     Accordingly, we must dismiss Fite's appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the **APPEAL BE DISMISSED**.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.


Abele, J.:  Concurs in Judgment and Opinion.
McFarland, J.:  Dissents.


                              For the Court


                              BY:_____
                                   Roger L. Kline, Judge




                    **NOTICE TO COUNSEL**


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**