[Cite as *State v. Thompson*, 2011-Ohio-1564.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee/ | : | |
| Cross-Appellant. | : | Case No: 10CA3177 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| ANTHONY THOMPSON, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant/ | : | File-stamped date: 3-29-11 |
| Cross-Appellee. | : | |

APPEARANCES:

Thomas M. Spetnagel and Paige J. McMahon, Spetnagel and McMahon, Chillicothe, Ohio, for Defendant-Appellant/Cross-Appellee.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Richard W. Clagg, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Plaintiff-Appellee/Cross-Appellant.[1]

Kline, J.:

{¶1}     Anthony Thompson (hereinafter "Thompson") appeals the judgment of the Ross County Court of Common Pleas, which found him guilty of vehicular homicide. In addition, the state has filed a cross-appeal related to the trial court's order of restitution. However, because there is no final appealable order in the present case, we lack jurisdiction to consider the parties' various arguments. Accordingly, we dismiss both Thompson's appeal and the state's cross-appeal for lack of jurisdiction.

I.

---

[1] Michael M. Ater was the Ross County Prosecuting Attorney when this appeal and cross-appeal were filed, and Mr. Ater participated in the briefing of this case.

{¶2}    On May 21, 2010, Anthony Thompson pled guilty to vehicular homicide, a first-degree misdemeanor in violation of R.C. 2903.06(A)(3)(a).  And on July 13, 2010, the trial court filed its Judgment Entry of Sentence.  Presumably, however, the trial court prepared the Judgment Entry of Sentence between May 21, 2010, and June 16, 2010.  We base this presumption on the following language: "[a] restitution hearing will be on June 16, 2010 at 2:00 P.M., by agreement of counsel."  Judgment Entry of Sentence.

{¶3}    After the June 16, 2010 hearing, the trial court ordered Thompson to pay $14,706.48 in restitution as part of his sentence.  The trial court filed its restitution entry on July 13, 2010 – the same day that the trial court filed Thompson's Judgment Entry of Sentence.  Significantly, however, the trial court did not amend the Judgment Entry of Sentence to (1) include the order of restitution or (2) delete the reference to the June 16, 2010 hearing.

{¶4}    Thompson appeals from the order of restitution and asserts the following assignment of error: "THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY AN AMOUNT OF RESTITUTION THAT WAS NOT ESTABLISHED TO A REASONABLE DEGREE OF CERTAINTY."

{¶5}    On cross-appeal, the state asserts the following two assignments of error: I. "The trial court erred when it failed to order restitution to the victim's survivors for amounts expended on the corresponding civil case from this incident."  And, II. "The trial court erred when it failed to order restitution to the executor of the estate for her time in attending court proceedings in this case."

II.

**{¶6}** Before we may consider the merits of either Thompson's appeal or the state's cross appeal, we must determine whether a final appealable order exists. "A court of appeals has no jurisdiction over orders that are not final and appealable." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, at ¶6, citing Section 3(B)(2), Article IV, Ohio Constitution; see, also, R.C. 2505.02. "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal." *State v. Darget*, Scioto App. No. 09CA3306, 2010-Ohio-3541, at ¶4, citing *Eddie v. Saunders*, Gallia App. No. 07CA7, 2008-Ohio-4755, at ¶11. "If the parties do not raise the jurisdictional issue, we must raise it sua sponte." *Darget* at ¶4, citing *Sexton v. Conley* (Aug. 7, 2000), Scioto App. No. 99CA2655; *Whitaker-Merrell v. Geupel Constr. Co.* (1972), 29 Ohio St.2d 184, 186.

A.

**{¶7}** The July 13, 2010 Judgment Entry of Sentence is not final and appealable because it "'leaves issues unresolved and contemplates that further action must be taken[.]'" *State v. Kline*, Henry App. No. 7-10-09, 2010-Ohio-6378, at ¶4, quoting *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, at ¶4 (other internal quotation omitted). See, also, *State v. Phillips*, Cuyahoga App. No. 90124, 2008-Ohio-5101, at ¶5, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, at ¶20. Here, the Judgment Entry of Sentence states that "[a] restitution hearing will be on June 16, 2010 at 2:00 P.M., by agreement of counsel." Thus, the Judgment Entry of Sentence leaves the issue of restitution unresolved and contemplates further action related to restitution.

**{¶8}**     Other courts have found that similar judgment entries were not final and appealable.  For example, in *Phillips*, the judgment entry stated that the trial "[c]ourt reserve[d] Judgment on restitution amount until further proceedings[.]"  *Phillips* at ¶3.  As a result, the Eighth District Court of Appeals found that the entry was not final and appealable.  Additionally, the Eleventh District Court of Appeals found "that the notation 'Restitution to be determined' render[s an] entry interlocutory."  *In re Zakov* (1995), 107 Ohio App.3d 716, 718.  Here, we agree with these other courts.

**{¶9}**     Finally, imposing restitution is substantive and not merely a ministerial task.  According to the Supreme Court of Ohio, "when the remaining issue is mechanical and unlikely to produce a second appeal because only a ministerial task similar to *assessing costs* remains, then the order is final and appealable."  *Threatt* at ¶20 (internal quotation omitted) (emphasis sic).  But as the court recently explained, "the determination of restitution entails a substantive legal decision or judgment and is not merely a mechanical part of a judgment."  *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, at ¶16.  See, also, *Phillips* at ¶5, fn.4.  Thus, in the present case, the Judgment Entry of Sentence leaves a substantive issue unresolved.

**{¶10}**     Accordingly, for the foregoing reasons, we find that the Judgment Entry of Sentence is not a final appealable order.

B.

**{¶11}**     Furthermore, we cannot create a final appealable order by combining the Judgment Entry of Sentence and the July 13, 2010 restitution entry.  The Supreme Court of Ohio has held in a noncapital criminal case that "[o]nly one document can constitute a final appealable order."  *Baker* at ¶17.  See, also, *State v. Ketterer*, 126

Ohio St.3d 448, 2010-Ohio-3831, at ¶17-18 (distinguishing *Baker* and holding that the combination of the judgment entry and the sentencing opinion constitutes a final appealable order in a capital criminal case). Therefore, we cannot combine the trial court's multiple entries in an effort to create jurisdiction.

C.

**{¶12}** In conclusion, we find no final appealable order in the present case. As a result, we must dismiss Thompson's appeal and the state's cross-appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED.  Appellant/Cross-Appellee and Appellee/Cross-Appellant shall equally split the costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. and McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY:_____
Roger L. Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**