[Cite as *State v. Sexton*, 2011-Ohio-5246.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110037 |
| | | TRIAL NO. B-0908134 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| SCOTT SEXTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  October 14, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Gregory A. Cohen*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**DINKELACKER, Presiding Judge.**

{¶1}   Defendant-appellant Scott Sexton pleaded guilty to one count of aggravated assault under R.C. 2903.12(A). The trial court sentenced him to 157 days' incarceration followed by three years of community control. The court also ordered him to pay restitution for lost wages to the victim, Joshua Lang. This appeal followed.

{¶2}   In his sole assignment of error, Sexton contends that the trial court erred in ordering restitution without proper substantiation. He argues that the $3,600 of restitution that the court ordered was not supported by competent, credible evidence. We find no merit in this argument.

{¶3}   R.C. 2929.18(A)(1) allows the trial court to order restitution based on the victim's economic loss. *State v. Didion*, 173 Ohio App.3d 130, 2007-Ohio-4494, 877 N.E.2d 725, ¶20; *State v. Policaro*, 10th Dist. No. 06AP-913, 2007-Ohio-1469. The court may "base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." R.C. 2929.18(A)(1). But competent, credible evidence must support a restitution order so that the court can discern the amount to a reasonable degree of certainty. *State v. Webb*, 173 Ohio App.3d 547, 2007-Ohio-5670, 879 N.E.2d 254, ¶34; *State v. Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613, ¶16.

{¶4}   The victim impact statement stated that Lang had been working as a host at a restaurant earning $225 per week. He was unable to work for four months after Sexton had punched him and shattered his jaw. Since he lost 16 weeks of work, the total of lost wages came to $3,600. The victim later confirmed that amount at a hearing on the issue of restitution.

{¶5}     The victim's testimony was competent, credible evidence that substantiated his loss and supported a restitution award of $3,600. That amount bears a reasonable relationship to the loss suffered. See *State v. Hebb*, 5th Dist. No. 2010-CA-038, 2011-Ohio-4566, ¶88; *State v. Williams* (1986), 34 Ohio App.3d 33, 34, 516 N.E.2d 1270. Sexton argues that the award should have been substantiated with tax statements or pay stubs, but the statute does not require that specific type of evidence. Consequently, we overrule Sexton's assignment of error.

{¶6}     But we find issues in the record that we raise sua sponte. R.C. 2929.18(A)(1) provides that "[i]f the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender." This court has held that under the plain language of the statute, the trial court must determine the amount of restitution at sentencing if it orders restitution at that time. *State v. Wilson*, 1st Dist. No. C-061000, 2007-Ohio-6339, ¶15; *Purnell*, supra, at ¶9.

{¶7}     The trial court stated at the hearing that it would order restitution in the amount of $3,600, which we would have affirmed had the court actually ordered it. But the final judgment entry in this case stated that "[t]he defendant is to make restitution for lost wages to the victim, Joshua Lang." It did not specify an amount. A court speaks only through its journal. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶6; *Purnell*, supra, at ¶13.

{¶8}     This court has also held that where the court's order imposed restitution as part of the sentence but did not determine the amount of the restitution, the order did not fully determine the action. Therefore, it was not a final appealable order within the meaning of R.C. 2505.02(B). *In re Holmes* (1980), 70 Ohio App.2d 75, 77, 434 N.E.2d 747. Accord *State v. Fite*, 4th Dist. No. 10CA888, 2011-Ohio-507, ¶5. But in *Holmes*, and in cases that have relied on it, the trial court had never held a hearing or heard any kind of evidence on the issue of the amount of restitution. See *State v. Thompson*, 4th Dist. No. 10CA3177, 2011-Ohio-1564, ¶7-8;

*State v. Wyant*, 4th Dist. No. 10CA3337, 2010-Ohio-3260, ¶9-13; *State v. Plassenthal*, 2nd Dist. No. 22464, 2008-Ohio-5465, ¶7-10; *State v. Phillips*, 8th Dist. No. 90124, 2008-Ohio-5101, ¶5

{¶9} In *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, the Ohio Supreme Court rejected the argument that the failure to specify the amount of court costs the defendant had to pay rendered the court's judgment interlocutory. It stated, "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order. * * * However, when the remaining issue 'is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains,' then the order is final and appealable." Id. at ¶20, quoting *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546, 1997-Ohio-366, 684 N.E.2d 72. (Emphasis omitted.)

{¶10} Certainly, determining restitution differs significantly from assessing costs, which simply requires the calculation of those costs and the creation of a bill. *Threatt*, supra, at ¶21; *Wyant*, supra, at ¶12-13. Calculating restitution "entails a substantive legal decision or judgment and is not merely a mechanical part of a judgment." *Thompson*, supra, at ¶9, quoting *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶16.

{¶11} The facts of this case fall somewhere between those in *Holmes* and *Threatt*. The court had already made the substantive legal decision of determining that restitution in the amount of $3,600 for lost wages was appropriate, but it had omitted that amount from the judgment entry. Nevertheless, the entry did not merely order Sexton to pay restitution as did the entries in *Holmes* and similar cases. It specified that Sexton was ordered to pay restitution to Lang for lost wages.

{¶12} Thus, we determine that the facts in this case are more like those in *Threatt*, even though *Threatt* is not directly on point. All that remains to be done in

this case is to correct the omission of the amount of $3,600 from the judgment entry, which is, in essence, correcting a clerical error. See Crim.R. 36. The judgment in this case does not leave issues unresolved and does not contemplate that further action must be taken. Consequently, we hold that it is a final, appealable order within the meaning of R.C. 2505.02.

{¶13} We hold that the trial court erred in failing to include in its judgment entry the specific amount of $3,600 in restitution. We remand the case to the trial court to rectify that error. We affirm the trial court's judgment in all other respects.

Affirmed in part, reversed in part, and cause remanded.

**HILDEBRANDT** and **SUNDERMANN, JJ.,** concur.

Please Note:
The court has recorded its own entry this date.