[Cite as *State v. Fite*, 2016-Ohio-284.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                     :        Case No.   14CA998

    vs.                                                 :

DONOVAN FITE,                          :        <u>DECISION AND JUDGMENT ENTRY</u>

    Defendant-Appellant.               :

_____

<u>APPEARANCES:</u>

Donovan Fite, Chillicothe, Ohio, Pro Se.

David Kelley, Adams County Prosecuting Attorney, and Kris D. Blanton, Adams County
Assistant Prosecutor, West Union, Ohio, for appellee.
_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 1-15-16
ABELE, J.

{¶ 1}   This is an appeal from an Adams County Common Pleas Court judgment that

overruled a motion by Donovan Fite, defendant below and appellant herein, to withdraw his

guilty pleas.   Appellant assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ABUSED ITS DISCRETION IN
> DENYING APPELLANT'S MOTION FOR LEAVE TO
> WITHDRAW GUILTY PLEA, APPELLANT'S GUILTY PLEA
> WAS NOT KNOWING, VOLUNTARY AND INTELLIGENT IN
> THAT THE TRIAL COURT MISINFORMED HIM THAT IF HE
> PLEAD [sic] GUILTY TO MURDER HE WOULD BE SUBJECT
> TO A LIMITED TERM OF POSTRELEASE CONTROL UPON

HIS RELEASE FROM PRISON WHEN IN FACT HE FACED A
LIFETIME OF PAROLE SUPERVISION."
SECOND ASSIGNMENT OF ERROR:

"THE LOWER COURT ABUSED ITS DISCRETION IN
DENYING APPELLANT'S MOTION FOR LEAVE TO
WITHDRAW GUILTY PLEA, APPELLANT'S PLEA WAS NOT
KNOWING[,] VOLUNTARY[,] AND INTELLIGENT IN THAT
HE WAS DENIED THE EFFECTIVE ASSISTANCE OF
COUNSEL."

THIRD ASSIGNMENT OF ERROR:

"THE LOWER COURT ABUSED ITS DISCRETION IN
DENYING APPELLANT'S MOTION FOR LEAVE TO
WITHDRAW HIS GUILTY PLEA, THE STATE OF OHIO
VIOLATED THE TERMS OF THE NEGOTIATED GUILTY
PLEA RENDERING IT INVOLUNTARY, UNKNOWING AND
UNINTELLIGENT."

FOURTH ASSIGNMENT OF ERROR:

"THE LOWER COURT ERRED IN DENYING APPELLANT'S

MOTION FOR LEAVE TO WITHDRAW HIS GUILTY PLEA

WITHOUT HOLDING A HEARING."

{¶ 2}   Although the record before us is somewhat sparse as to the facts of this case, it

appears that on January 3, 2009 appellant fired a "twenty gauge shotgun" and caused deaths of

Samuel Freeland, Jr. and Regina King.   On April 24, 2009, the Adams County Grand Jury

returned two separate indictments that charged appellant with (1) murder in violation of R.C.

2903.02(A), and (2) involuntary manslaughter in violation of 2903.04(A).[1]

{¶ 3}   Subsequently, appellant agreed to plead guilty.   At the December 23, 2009

---

[1] There is mention in the record of a superseding indictment
that charged a third count against appellant, but we find nothing
to that effect in our review of the original papers.

hearing, the trial court endeavored to ascertain if appellant understood that he would be waiving

various constitutional rights.   The trial court then accepted appellant's plea and found him guilty

of both charges.   At the January 28, 2010 sentencing hearing, the court (1) sentenced appellant

to serve fifteen years to life in prison on the murder charge; (2) to serve ten years on the

involuntary manslaughter charge; and (3) ordered the sentences to be served consecutively, as

well as a three year firearm specification, for a total sentence of twenty-eight years to life.   The

court also informed appellant that upon his release, he would be subject to a five year period of

post-release control.[2]

{¶ 4}   Appellant appealed that judgment, but on February 1, 2011, we dismissed the

appeal for lack of jurisdiction.   See *State v. Fite*, 4th Dist. Adams No. 10CA888, 2011-Ohio-507

(*Fite I*).   We concluded that the sentencing entry was neither final, nor appealable because of an

incomplete order of restitution. Id. at ¶6.   On March 31, 2011 the trial court issued an amended

judgment to cure the lack of finality.   Appellant, however, filed no appeal.

{¶ 5}   On July 7, 2014, appellant filed his post-judgment motion to withdraw his guilty

plea.  On page four, he indicates his underlying purpose for this proceeding:   he "filed a petition

for federal habeas corpus relief" in the United States District Court, but that petition was put "on

hold while he attempts to have his claims adjudicated by the Ohio courts."

---

[2] The trial court later conceded that it misinformed appellant
that he was subject to five years post-release control and should
have instead informed him that the term would be ten years.  Also,
there is no mention of a dismissal of the third count from the
aforementioned superseding indictment.  However, because that
indictment is neither contained in the record, nor mentioned as
grounds for dismissing appellant's appeal in *State v. Fite*, 4th Dist. Adams No. 10CA888,
2011-Ohio-507, we disregard it for purposes of our analysis.

{¶ 6}    The State filed a memorandum in opposition to the motion, and appellant filed a reply.   On August 19, 2014, the trial court conceded that it had misinformed appellant as to the amount of time that he would be subject to "post release control," but the court held that appellant had not demonstrated any prejudicial effect as a result of such misinformation, nor demonstrated a "manifest injustice" pursuant to Crim.R. 32.1 sufficient to grant his motion to withdraw guilty plea.   This appeal followed.

I

{¶ 7}    We jointly consider appellant's first, second and third assignments of error because they all assert that the trial court erred by denying his post-judgment motion to withdraw his guilty pleas.

{¶ 8}    The doctrine of res judicata bars a criminal defendant from raising any claim in a Crim.R. 32.1 motion to withdraw guilty plea that could have been raised, but was not, in a first appeal of right. *State v. Nooks*, 10th Dist. Franklin No. 14AP– 344, 2014-Ohio-4828, at ¶12; *State v. Zinn*, 4th Dist. Jackson No. 04CA1, 2005-Ohio-525, at ¶17; *State v. McDonald*, 11th Dist. Lake No. 2003-L-155, 2004-Ohio-6322, at ¶22.   Here, the arguments that appellant raises in his first three assignments of error could have been raised on direct appeal.   They were not.   Therefore, appellant cannot raise them at this time in a Crim.R. 32.1 motion to withdraw his guilty plea. The doctrine of res judicata bars such action.

{¶ 9}    We readily acknowledge that we dismissed appellant's first appeal (*Fite I)* for lack of a final, appealable order.   However, after the trial court corrected that deficiency in the March 31, 2011 amended sentencing entry, appellant pursued no further appeal.   Appellant could have pursued an appeal, as he did in the present case, but apparently chose not to do so.   Thus, he

waived his opportunity to do so.

{¶ 10} Appellant argued in his motion that the Ohio Public Defender's Office told him it would "no longer represent him, even if he requested so."   Appellant attached a letter from the Ohio Public Defender's Office as an exhibit to his motion wherein an assistant informed him that the trial court made sentencing error(s) that inured to appellant's benefit, and that would almost certainly be corrected if his sentences were vacated.   Thus, it is apparent that the Ohio Public Defender's Office did not refuse to represent appellant, despite what appellant argues.   Indeed, the assistant state public defender included in the letter to appellant an envelope that he could use to mail a request that such office "take further action."   The assistant public defender further noted that it could even "arrange a telephone call in the near future" to discuss the matter if appellant so requested.   However, given the state of the record, it appears that appellant did not take advantage of that offer.

{¶ 11} Even if we assume, arguendo, that Public Defender's Office did not wish to represent appellant, nothing in the record indicates that appellant approached the appellate court or the trial court to seek the appointment of counsel.   Appellant could have also filed a pro se appeal from the March 31, 2011 judgment.

{¶ 12} Moreover, even if appellant's claims are not barred by res judicata, we would find no merit to any of his arguments.   A post-sentence guilty plea may be withdrawn to correct a "manifest injustice." Crim.R. 32.1.   A decision to grant a Crim.R. 32.1 motion lies in a trial court's sound discretion, and its decision will not be reversed absent an abuse of that discretion. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph two of the syllabus (1992); *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus (1977).

Generally, an abuse of discretion implies that a court's attitude is unreasonable, arbitrary or unconscionable. *State v. Clark* (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331 (1994); *State v. Moreland*, 50 Ohio St.3d 58, 61, 552 N.E.2d 894 (1990). *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶ 13} Appellant's argument of a manifest injustice hinges on the fact that trial court misinformed him that he would be subject to five years of post-release control, rather than ten years. The trial court conceded in its August 19, 2014 entry that it misinformed appellant as to the length of time that appellant would be subject to "post-release control." However, the court noted that appellant had not shown "that the mis-stated post release control information influenced [his] plea." We agree.

{¶ 14} Appellant's change of plea occurred in December 2009, several weeks before the sentencing hearing. The transcript of the December 23, 2009 hearing reveals that the plea agreement called for him to plead guilty to counts one and two, in exchange for the dismissal of the superceding indictment. No mention was made of the amount of time that appellant would be subject to post-release control. Indeed, from our review of the record, the first mention of post-release control occurred at the January 8, 2010 sentencing hearing, two weeks after appellant's guilty plea. Thus, appellant cannot claim that his guilty plea was unknowing, involuntary or unintelligent when he entered his guilty plea.

{¶ 15} Therefore, after our review of the record in this case, and assuming for purposes of argument that appellant's arguments are not barred by the doctrine of res judicata, appellant does not persuade us that the trial court abused its discretion by denying his motion.

{¶ 16} For all these reasons, we hereby overrule appellant's first, second and third assignments of error.

II

{¶ 17} In his fourth assignment of error, appellant argues that the trial court erred by not holding a hearing on his motion to withdraw guilty plea.

{¶ 18} When the doctrine of res judicata bars claims from being raised in a Crim.R. 32.1 motion, a trial court is not generally required to hold a hearing on that motion.   See *State v. Owens*, 4th Dist. Scioto No. 14CA3641, 2015-Ohio-1509, at ¶15; *State v. Vincent*, 4th Dist. Ross No. 03CA2713, 2003-Ohio-3998, at ¶12.   As we note above, appellant's arguments have no merit.   Thus, we find no merit to appellant's contention that the trial court should have conducted a formal hearing.

{¶ 19} Therefore, based on these reasons, we hereby overrule appellant's fourth assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and appellee to recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## <u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.