[Cite as *State v. Mugrage*, 2012-Ohio-4802.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

DANIEL A. MUGRAGE

    Appellant

C.A. No.      26062

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 11 03 0834 (B)

DECISION AND JOURNAL ENTRY

Dated: October 17, 2012

---

CARR, Judge.

**{¶1}** Appellant, Daniel A. Mugrage, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** On April 25, 2011, the Summit County Grand Jury indicted Mugrage on one count of robbery and one count of theft of drugs. After initially pleading not guilty to the charges at arraignment, Mugrage appeared before the trial court for a change of plea hearing. The State moved to amend the indictment so that robbery would be charged as a felony of the third degree, as opposed to a felony of the second degree as stated in the original indictment. The trial court granted the State's motion, and Mugrage pleaded guilty to the amended count of robbery. The count of theft of drugs was dismissed. Mugrage was sentenced to a five-year prison term.

**{¶3}** Mugrage filed a timely appeal and raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

MR. MUGRAGE'S PLEA WAS NOT KNOWINGLY, VOLUNTARILY OR INTELLIGENTLY MADE BECAUSE THE COURT FAILED TO INFORM MR. MUGRAGE THAT HIS PRISON SENTENCE WOULD INCLUDE A MANDATORY TERM OF POST-RELEASE CONTROL[.]

**{¶4}** In his first assignment of error, Mugrage argues that his plea was not valid because the trial court failed to inform him of mandatory post-release control sanctions at his plea hearing. This Court disagrees.

**{¶5}** In support of his assignment of error, Mugrage points to the Supreme Court of Ohio's decision in *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, for the proposition that if a trial court fails to advise a defendant that the sentence will include a mandatory post-release control term, the court has failed to comply with Crim.R. 11 and the plea must be vacated. While Mugrage acknowledges that the trial court informed him that he could be subject to post-release control, he contends that the trial court committed structural error by failing to inform him that post-release control was mandatory.

**{¶6}** The Supreme Court of Ohio has held that "unless a plea is knowingly, intelligently, and voluntarily made, it is invalid." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25. "To ensure that pleas conform to these high standards, the trial judge must engage the defendant in a colloquy before accepting his or her plea." *Id.* at ¶ 26.

**{¶7}** In *Clark*, the Supreme Court further stated that "[u]nder [Crim.R. 11], the trial judge may not accept a plea of guilty or no contest without addressing the defendant personally and (1) [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the

sentencing hearing, (2) informing the defendant of the effect of the specific plea and that the court may proceed with judgment and sentencing after accepting it, and ensuring that the defendant understands these facts, and (3) informing the defendant that entering a plea of guilty or no contest waives the constitutional rights to a jury trial, to confrontation, to compulsory process, and to the requirement of proof of guilt beyond a reasonable doubt and determining that the defendant understands that fact. *Id.* at (C)(2)(a) through (c)." (internal quotations omitted). *Clark* at ¶ 27, quoting Crim.R. 11(C)(2).

**{¶8}** "If a trial court fails to literally comply with Crim.R. 11, reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *Clark* at ¶ 30. The failure to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) renders the plea invalid. *Id.* at ¶ 31. However, if the court "imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies." *Id.* Under the substantial compliance standard, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

**{¶9}** If the trial court has not substantially complied with Crim.R. 11, the reviewing court must determine whether the trial court partially complied or failed to comply. *Clark* at ¶ 32. If the trial court "partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial

effect." *Id*. The test for prejudice is "whether the plea would have otherwise been made." *Nero*, 56 Ohio St.3d at 108.

{¶10} Mugrage did not have a constitutional right to be advised of post-release control. *See State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 29. Thus, Mugrage's argument relating to post-release control notification triggers a substantial compliance inquiry.

{¶11} As noted above, Mugrage points to the Supreme Court's decision in *Sarkozy* in support of his assignment of error. This Court has held that the precedent established by the Supreme Court in *Sarkozy* applies under circumstances where the trial court completely failed to tell the defendant about post-release control. *State v. Garrett*, 9th Dist. No. 24377, 2009-Ohio-2559, ¶ 19. In discussing the *Sarkozy* decision, this Court stated:

> In *Sarkozy*, the trial court completely failed to tell Mr. Sarkozy about post-release control during his plea hearing. *Sarkozy*, 2008-Ohio-509, at ¶ 4. Although the State argued substantial compliance, the Supreme Court determined that the test did not apply because there was no compliance. *Id*. at ¶ 22. The Supreme Court wrote that "[t]he trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary. Rather, the court failed to mention postrelease control at all during the plea colloquy." *Id*. The Supreme Court distinguished *Watkins* [*v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082], concluding that there must be "some compliance" to prompt "a substantial-compliance analysis."

*Id*. at ¶ 23.

{¶12} In this case, the trial court discussed post-release control at the plea hearing but failed to note that it was mandatory. At the beginning of the hearing, defense counsel told the trial court that he had spoken with Mugrage regarding "the maximum potential penalties for a third degree felony, about post-release control and the questions you will ask about that, and about the rights he waives or gives up." After informing Mugrage about the possible prison sentence and fine, the trial court informed Mugrage that he could face "a period of up to three

years' post-release control at the discretion of the parole board." Mugrage indicated on the record that he understood.

{¶13} The following exchange then took place on the record:

The Court: Do you understand, sir, if you were placed on post-release control and you did not comply with the requirements set for you by the parole board, they would also have the right to send you for additional prison time, the limit of which would be one-half of any sentence imposed by the Court?

Defendant: Yes, sir.

The Court: Are you on post-release control currently?

Defendant: No, sir.

The Court: Have you heard the term before?

Defendant: Yes, sir.

The Court: Do you understand what I mean when I describe post-release control?

Defendant: Yes, sir.

The Court: Do you have any questions about it?

Defendant: No.

{¶14} While the trial court informed Mugrage that his post-release control term was discretionary, Mugrage was actually subject to a mandatory three-year term of post-release control in light of his robbery conviction pursuant to R.C. 2967.28(B)(3). At the ensuing sentencing hearing, the trial court correctly informed Mugrage that he would be subject to a mandatory three-year term of post-release control. The trial court's sentencing entry issued on July 26, 2011, stated that "the Defendant shall be supervised on post-release control by the Adult Parole Authority for a mandatory period of 3 years after being released from prison."

**{¶15}** Much like the circumstances this Court confronted in *Garrett*, this is one of those cases distinguished by the Supreme Court in *Sarkozy*, in which the trial court "merely misinform[ed the defendant] about the length of his term [or] * * * as to whether postrelease control was mandatory or discretionary." *Garrett* at ¶ 19, quoting *Sarkozy* at ¶ 22. The trial court in this case did not wholly neglect to inform Mugrage that he would be subject to post-release control. Instead, the trial court mistakenly stated that the post-release control term was discretionary. Mugrage's attorney stated on the record that he had gone over the possible sanctions involved with entering a guilty plea. While the trial court then informed Mugrage that he could face a three-year term of post-release control, the trial court failed to mention that the term was definite and mandatory. The trial court asked Mugrage if he was familiar with the concept of post-release control and he answered in the affirmative. Mugrage further indicated that he did not have any questions regarding post-release control. Given this exchange, it is apparent that Mugrage "subjectively under[stood] the implications of his plea and the rights he [was] waiving." *Nero*, 56 Ohio St.3d at 108. Accordingly, because the trial court's discussion with Mugrage at the plea hearing was sufficient to afford notice that it could authorize a three-year post-release control term as part of his sentence, the trial court substantially complied with Crim.R. 11. *See Garrett* at ¶ 16; *State v. Fuller*, 1st Dist. No. C-040318, 2007-Ohio-1020; *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082. Moreover, there is nothing in the record that would suggest that Mugrage would have not otherwise entered his plea had he known that the three-year post-release control term was mandatory. Thus, Mugrage has failed to demonstrate a manifest prejudice.

**{¶16}** The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT[] [ERRED] BY FAILING TO SENTENCE MR. MUGRAGE ACCORDING TO LAW[.]

**{¶17}** In his second assignment of error, Mugrage argues that the trial court erred by failing to properly impose post-release control at sentencing.

**{¶18}** In support of his second assignment of error, Mugrage asserts that the trial court erroneously imposed a discretionary term of post-release control instead of a mandatory three-year term of post-release control as mandated by R.C. 2967.28(B)(3). We are inclined to reject Mugrage's argument in light of our review of the record. At the July 19, 2011 sentencing hearing, the trial court initially stated that Mugrage would be "subject to up to three years of post-release control[.]" Mugrage's attorney then requested clarification as to whether the post-release control term was mandatory or discretionary. The trial judge acknowledged that he misspoke and stated, "Because there was a threat of physical harm involved here, in actuality, the period of post-release control must be mandatory. So you will be on three years' mandatory post-release control. It will not be at the discretion of the parole board." The trial court then explained the consequences of violating the terms of post-release control. On July 26, 2011, the trial court issued its sentencing entry which stated that Mugrage shall be on post-release control "for a mandatory period of 3 years." Because the trial court imposed post-release control pursuant to R.C. 2967.28(B)(3), the assignment of error is overruled.

III.

**{¶19}** Mugrage's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

JILL R. FLAGG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.