[Cite as *State v. Lawson*, 2018-Ohio-1222.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

STATE OF OHIO

    *Plaintiff-Appellee*

v.

LARAMIE D. LAWSON

    *Defendant-Appellant*

:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 2016-CA-20

Trial Court Case No. 2016-CR-440

(Criminal Appeal from
Common Pleas Court)

. . . . . . . . . . .

OPINION

Rendered on the 30th day of March, 2018.

. . . . . . . . . .

ANTHONY KENDELL, Atty. Reg. No. 0067242, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

ALEX KOCHANOWSKI, Atty. Reg. No. 0090940, 6302 Kincaid Road, Cincinnati, Ohio 45213
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Laramie D. Lawson, appeals from his conviction and sentence following a guilty plea to one count of failure to comply with the order or signal of a police officer. In support of his appeal, Lawson contends that his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to properly advise him of the maximum possible penalty that could be imposed as required by Crim.R. 11(C)(2)(a). Specifically, Lawson claims that the trial court's advisements regarding post-release control at the plea hearing and in the written plea form contained conflicting language that made it unclear as to whether post-release control was mandatory or discretionary. Lawson also contends that his trial counsel was ineffective in failing to object to the trial court's unclear post-release control advisements.

{¶ 2} The State concedes error with regard to Lawson's guilty plea not being knowingly, intelligently, and voluntarily entered. Accordingly, the State submits that Lawson's guilty plea should be vacated and that the matter should be remanded to the trial court for further proceedings. However, the State maintains that Lawson's ineffective assistance claim is not ripe for review and rendered moot by the vacation of his guilty plea.

{¶ 3} For the reasons outlined below, we agree that Lawson's guilty plea was not knowingly, intelligently, and voluntarily entered, thereby rendering Lawson's ineffective assistance claim moot. Accordingly, the judgment of the trial court will be reversed, Lawson's guilty plea will be vacated, and the matter will be remanded to the trial court for further proceedings.

**Facts and Course of Proceedings**

{¶ 4} On September 9, 2016, Lawson pled guilty to one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5)(a)(i), a felony of the third degree. At Lawson's plea hearing, the trial court notified Lawson of the maximum possible penalty he could receive for the offense and, in doing so, stated the following with regard to post-release control:

THE COURT: Now anyone facing a potential prison sentence must be advised Post Release Control [sic]. If at some time you were to receive a prison sentence in this case, you may be required to serve a period of Post Release Control as part of your sentence, after you are released from prison. *Now in your case, because it's an offense of violence, it's going to be a three year mandatory term of Post Release Control.* Do you understand that?

MR. LAWSON: Yes.

THE COURT: Okay. *So if you were to receive a prison sentence in this case, you're going to have a period of PRC for three years afterwards—up to three years afterwards.* Do you understand that?

MR. LAWSON: Yes.

(Emphasis added.) Trans. (Sept. 9, 2016), p. 11-12

{¶ 5} The written plea form reviewed and signed by Lawson also provided the

following notification regarding post-release control:

> In addition, a period of control or supervision by the Adult Parole Authority after release from prison is *[mandatory/optional]* in this case. *The control period may be a maximum of: * * * F-2, F-3 an offense of violence—3 years mandatory*[.]

(Emphasis added.) Petition to Enter Plea of Guilty (Sept. 12, 2016), Miami County Court of Common Pleas Case No. 2016-CR-440, Docket No. 5, p. 3. The word "optional" was circled on the plea form, indicating that post-release control was not mandatory.

{¶ 6} After Lawson entered his guilty plea, the trial court accepted the plea, ordered a presentence investigation report, and scheduled the matter for sentencing on October 11, 2016. At sentencing, the trial court sentenced Lawson to a 30-month prison term with 73 days of jail-time credit and a mandatory three-year term of post-release control.

{¶ 7} Following his conviction and sentence, Lawson filed a notice of appeal and was appointed appellate counsel. Lawson's appellate counsel then filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which indicated there were no issues with arguable merit to present on appeal. After conducting an *Anders* review, this court determined that an appealable issue existed with respect to the validity of Lawson's guilty plea given the trial court's post-release control advisements. Specifically, we explained that:

> Although the trial court in this case advised Lawson at the plea hearing that post-release control was mandatory, the trial court thereafter stated that post-release control would last "up to three years," thus indicating that Lawson could possibly receive less than three years of post-

release control. In addition, the plea form signed by Lawson provided that post-release control was optional, as the word "optional" was circled on the form instead of "mandatory." The plea form also used discretionary language stating that the control period "may be a maximum of * * * 3 years mandatory." Therefore, the record establishes that the post-release control advisements at the plea hearing and in the plea form are unclear as they contained both discretionary and mandatory language.

Lawson should be given the benefit of having counsel argue whether the trial court's post-release control advisements at the plea hearing and in the plea form amount to a complete or partial failure to comply with Crim.R. 11(C)(2)(a), and if necessary, whether the statements resulted in any prejudice that requires the vacation of his guilty plea.

Decision and Entry (July 12, 2017), 2d Dist. Miami Appellate Case No. 2016-CA-20, p. 7-8.

{¶ 8} Based on the foregoing reasoning, we rejected Lawson's *Anders* brief and appointed new appellate counsel to file a brief on Lawson's behalf addressing the validity of his guilty plea and any other issue that counsel deemed appropriate for appeal. Thereafter, Lawson's new appellate counsel filed a brief raising the following two assignments of error for review:

I. Because the trial court advised Mr. Lawson that post-release control was both mandatory and optional during his plea colloquy and Mr. Lawson's written plea stated that post-release control was optional, Mr. Lawson's plea in Case Number 2016-CR-440 was not knowingly,

voluntarily, and intelligently given.

II. Counsel provided ineffective assistance during Mr. Lawson's plea proceedings in violation of Mr. Lawson's sixth and fourteenth amendment rights under both the Ohio and United States Constitutions.

{¶ 9} In response to Lawson's newly filed appellate brief, the State filed a notice of conceded error with respect to Lawson's first assignment of error. However, the State maintains that Lawson's second assignment of error alleging ineffective assistance of counsel was not ripe for review and rendered moot. We agree with the State.

## Lawson Did Not Knowingly, Intelligently, and
## Voluntarily Enter His Guilty Plea

{¶ 10} As noted above, under his first assignment of error, Lawson contends that his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to properly advise him about the mandatory nature of his post-release control.

{¶ 11} "To be constitutionally valid and comport with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily." *State v. Bateman*, 2d Dist. Champaign No. 2010CA15, 2011-Ohio-5808, ¶ 5, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "In order for a plea to be knowing, intelligent, and voluntary, the trial court must comply with Crim.R. 11(C)." (Citation omitted.) *State v. Russell*, 2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 6. "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8. "By following

this rule, a court ensures that the plea is knowing, intelligent, and voluntary." (Citation omitted.) *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12.

{¶ 12} Pursuant to Crim.R. 11(C)(2)(a), the trial court must determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." When "post-release control applies, the trial court is required to inform the defendant of its applicability due to this rule." *State v. Threats*, 2016-Ohio-8478, 78 N.E.3d 211, ¶ 21 (7th Dist.), citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 7-10, 22.

{¶ 13} The trial court, however, need only substantially comply with the advisements required by Crim.R. 11(C)(2)(a). *Cole* at ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Under the substantial compliance standard, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, quoting *Nero* at 108.

{¶ 14} If there is no substantial compliance, we are to ascertain whether the trial court "*partially* complied or *failed* to comply with the rule." (Emphasis sic.) *Id.* at ¶ 32. If there is partial compliance, the plea cannot be vacated unless the defendant shows that he or she was prejudiced. *Id.* (providing as an example the situation where a court mentions, but does not explain, mandatory post-release control). "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.*, quoting *Nero* at 108.

(Other citation omitted.) However, "[i]f the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated." *Id.*, citing *Sarkozy* at paragraph two of the syllabus. " 'A complete failure to comply with the rule does not implicate an analysis of prejudice.' " *Id.*, quoting *Sarkozy* at ¶ 22.

{¶ 15} Here, it is undisputed that Lawson was required to serve a mandatory term of post-release control for his offense. Both Lawson and the State maintain that the trial court did not effectively advise Lawson that his term of post-release control was mandatory due to the conflicting language used by the trial court at the plea hearing and in the written plea form. As a result, Lawson and the State agree that the trial court did not substantially comply with Crim.R. 11(C)(2)(a). The parties further agree that Lawson's plea must be vacated because the trial court completely failed to comply with the portion of Crim.R. 11(C)(2)(a) that requires the trial court to inform Lawson of the maximum possible penalty for his offense, which, in this case, included a mandatory term of post-release control.

{¶ 16} Having reviewed the record, we agree with the parties on this issue. Accordingly, we conclude that Lawson's plea must be vacated because it was not knowingly, intelligently, and voluntarily entered.

{¶ 17} Lawson's first assignment of error is sustained.

## Lawson's Ineffective Assistance Claim is Moot

{¶ 18} As previously discussed, under his second assignment of error, Lawson contends that his trial counsel was ineffective in failing to object to the unclear post-

release control advisements made by the trial court at the plea hearing and in the written plea form. However, in light of our holding under Lawson's first assignment of error, we agree with the State and find that the ineffective assistance claim raised by Lawson is no longer ripe for review and is rendered moot.

{¶ 19} Lawson's second assignment of error is overruled.

## Conclusion

{¶ 20} Having sustained Lawson's first assignment of error, the judgment of the trial court is reversed, Lawson's guilty plea is vacated, and the matter is remanded to the trial court for further proceedings.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Anthony Kendell
Alex Kochanowski
Laramie D. Lawson
Hon. Jeannine N. Pratt