[Cite as *State v. Russell*, 2018-Ohio-2571.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27473 |
| | : | |
| v. | : | Trial Court No. 2016-CR-4028/2 |
| | : | |
| JAYTAVION L. RUSSELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 29th day of June, 2018.

. . . . . . . . . . .

ALICE B. PETERS, Atty. Reg. No. 0093945, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

LAURA M. WOODRUFF, Atty. Reg. No. 0084161, 28 N. Wilkinson Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} After he was bound over to adult court from juvenile court, Jaytavion Russell pled guilty in the Montgomery County Court of Common Pleas to one count of failure to comply with an order or signal of a police officer, a felony of the third degree. The trial court sentenced him to 18 months in prison, suspended his driver's license for five years, and ordered him to pay restitution of $2,500 to one of the complainants (joint and severally with his co-defendant) and court costs.

{¶ 2} Russell's original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he had thoroughly examined the record, but found no non-frivolous issues for appeal. Upon our initial review, we found that a non-frivolous issue existed, and we appointed new counsel. We instructed that new counsel "should review the entire record and raise any issues that he or she finds have arguable merit."[1]

{¶ 3} Russell, with new counsel, now raises two assignments challenging the trial court's order of restitution and claiming that his plea was not made knowingly, intelligently, and voluntarily because the court failed to properly notify him about his post-release control obligation. For the following reasons, the trial court's judgment will be affirmed in part and reversed in part, and the matter will remanded for resentencing on restitution only.

---

[1] In her brief, counsel states that she "was not provided with a transcript of the bindover/amenability hearing or juvenile court decision," and those items apparently were not reviewed by either counsel. Although the filings in the juvenile court, including the juvenile court's bindover order, are part of the appellate record, the appellate record does not include transcripts of the probable cause and amenability hearings. It is the obligation of the appellant to ensure that all necessary transcripts are included in the record. *See* App.R. 9(B).

## I. Background and Procedural History

{¶ 4} On September 8, 2016, the State filed a delinquency complaint against Russell in juvenile court, alleging that he (1) failed to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B)/(C)(5)(a)(ii), a felony of the third degree; (2) received stolen property, in violation of R.C. 2913.51(A), a felony of the fourth degree; (3) sold alcohol to an underage person, in violation of R.C. 4301.69(E), a misdemeanor of the first degree; and (4) committed falsification, in violation of R.C. 2921.13, a misdemeanor of the second degree. (J.C. No. 2016-5633). In a separate case, Russell was charged with delinquency based on an allegation that he committed breaking and entering at a liquor and wine store, a felony of the fifth degree. (J.C. No. 2016-5631.) Russell was 16 years old at the time of the offenses.

{¶ 5} In both juvenile cases, the State requested that Russell be bound over to adult court under the discretionary transfer provisions. In October 2016, the juvenile court determined that probable caused existed that Russell committed breaking and entering, receiving stolen property, and failure to comply with an order and signal of a police officer. The State dismissed the remaining two charges. In December 2016, the juvenile court conducted an amenability hearing and concluded that Russell was not amenable to care or rehabilitation in the juvenile system and that the safety of the community required that he be subject to adult sanctions; the juvenile court transferred the cases to adult court.

{¶ 6} On January 10, 2017, Russell was indicted on breaking and entering, a felony of the fifth degree (Count 1), and failure to comply with an order or signal of a police officer, a felony of the third degree (Count 2). Russell subsequently pled guilty in adult

court to failure to comply, and the State agreed to dismiss the breaking and entering charge. The parties further agreed that Russell would pay restitution for the breaking and entering, and that his prison sentence, if one were imposed, would be no more than 24 months. The parties did not have an agreement regarding the amount of restitution; no amount was listed on the plea form. The trial court initially informed Russell that his sentence would include a mandatory three-year term of post-release control, but after further consideration of that issue, the court told Russell that it was actually a discretionary term of post-release control.

{¶ 7} At sentencing, the trial court sentenced Russell to 18 months in prison and ordered him to pay restitution, jointly and severally with his co-defendant, to one of the complainants. The trial court did not inform Russell of the amount of restitution at sentencing. However, the trial court's written judgment entry included an order that Russell pay $2,500 in restitution, joint and severally with his co-defendant. The trial court again informed Russell that he was subject to a non-mandatory period of up to three years of post-release control at the discretion of the Parole Board.

{¶ 8} Russell appeals from his conviction.

## II. Restitution

{¶ 9} In his first assignment of error, Russell claims that the trial court "erred in ordering restitution in violation of R.C. § 2929.18(A)(1)."

{¶ 10} R.C. 2929.18 authorizes the trial court to order a defendant to pay restitution to the victim of the defendant's offense in an amount based on the victim's economic loss. If the trial court imposes restitution, at sentencing, the court must determine the amount of restitution to be made by the offender. R.C. 2929.18(A)(1). We have held

that a trial court's "failure to establish the amount of restitution at the sentencing hearing constitutes plain error requiring remand." *State v. Collins*, 2d Dist. Montgomery No. 21182, 2006-Ohio-3036, ¶ 4. *See also, e.g., State v. Miller*, 2d Dist. Clark No. 08CA90, 2010-Ohio-4760 (trial court committed plain error when it ordered defendant to pay restitution, but failed to determine, at the sentencing hearing, the amount of restitution to be paid).

{¶ 11} At the sentencing hearing, the trial court ordered Russell to pay restitution to one victim, jointly and severally with his co-defendant. The court found that Russell had the present and future ability to pay that restitution. However, the court did not indicate the amount of restitution to be paid. The trial court further stated that it would not order restitution with respect to a second victim. The court's written sentencing entry included an order that Russell pay $2,500 in restitution.

{¶ 12} The State asserts that the amount of the restitution was "implied by the record." It argues that Russell agreed to pay restitution as part of his plea, and that the information in the presentence investigation report (PSI) supported the amount of restitution ordered in the judgment entry. The State notes that Russell did not question the trial court about the amount of restitution at sentencing.

{¶ 13} The State asserts that this case is analogous to *State v. Baker*, 2d Dist. Montgomery No. 27379, 2018-Ohio-511. In *Baker*, the trial court sentenced Baker to community control sanctions, which included the requirement that she pay restitution of $10,235 to one victim and $24,476.95 to another. On direct appeal, we reversed the restitution order, finding that there was insufficient evidence in the PSI from which the court could determine, with any degree of certainty, the amount of the actual loss of one

of the victims. We remanded that matter to the trial court for a hearing on restitution. On remand, the court conducted a hearing and informed the parties that it was going to take the matter under advisement. The court subsequently filed an amended judgment entry, which ordered restitution to that victim in the amount of $2,800.

{¶ 14} On appeal from the amended judgment entry, Baker claimed, in part, that the trial court abused its discretion in failing to enter restitution in open court. We rejected Baker's argument, reasoning:

> When reading R.C. 2929.18(A)(1) in its entirety, we do not agree with Baker that the court was required to pronounce the exact amount of restitution at the restitution hearing to satisfy the "in open court" requirement. The original order requiring restitution was made in open court and a full evidentiary hearing was held on remand, providing a basis for the cogent order. While the remand was essentially a re-sentencing, Baker had notice that the court would impose restitution, and at the start of the restitution hearing, the court made clear that it intended to review the entire record prior to ordering the dollar amount of restitution, including the transcript and the PSI, and counsel for Baker did not object.

*Baker* at ¶ 17.

{¶ 15} We find *Baker* to be factually distinguishable. In *Baker*, the trial court had originally announced the amount of restitution in open court, and Baker had the opportunity to object to that amount. The amended restitution order on appeal in *Baker* was determined after a hearing, in which the State presented two exhibits and Baker called two witnesses. The court informed the parties that it would consider the entire

record, including the trial transcript, before rendering a decision, and there was no objection to this procedure. In contrast, Russell and the State had no agreement on the amount of restitution, and the court did not inform Russell of the amount he would be required to pay at sentencing, which denied him the opportunity to object to the amount and to request a hearing.

{¶ 16} We find this case to be analogous to *Miller*, 2d Dist. Clark No. 08CA90, 2010-Ohio-4760, in which the trial court informed the defendant at sentencing that he was required to pay restitution, but no amount of restitution was imposed. The trial court's original judgment entry also did not specify an amount, and we ordered Miller to show cause why his appeal from the judgment entry should not be dismissed for lack of a final appealable order. The trial court subsequently filed an amended judgment entry, which specified the amount of restitution.

{¶ 17} On appeal from the amended judgment entry, Miller argued that the trial court erred, because he was not physically before the court for pronouncement of the amount of restitution that the court had ordered in the amended judgment entry. The State responded that Miller was not prejudiced, because the restitution order was for the amount that had been recommended in the PSI, which the court and the parties had reviewed prior to sentencing.

{¶ 18} We rejected the State's argument, reasoning that "[u]ntil an amount of restitution was imposed by the court, [Miller] had no right to the hearing to which he is entitled by R.C. 2929.18(A)(1), should he dispute the amount ordered. Further, a defendant's physical presence is always required, absent an express waiver." *Miller* at ¶ 34. We reversed the trial court's restitution order and remanded for resentencing on

that issue. *Accord State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601; *State v. Brodman*, 3d Dist. Hardin Nos. 6-02-05 and 6-02-06, 2002-Ohio-5584, ¶ 7.

{¶ 19} Russell is the same procedural posture as the defendant in *Miller*. The trial court ordered restitution at sentencing without informing him of the amount and later specified the amount in a written judgment entry. And, Russell is challenging the restitution order on direct appeal from that judgment entry. As in *Miller*, the trial court's imposition of an unspecified amount of restitution constituted plain error.

{¶ 20} Russell's first assignment of error is sustained.

### III. Voluntariness of Russell's Plea

{¶ 21} In his second assignment of error, Russell claims that the trial court failed to comply with the requirements of Crim.R. 11 and R.C. 2929.19 and, consequently, his plea was not entered knowingly, intelligently, and voluntarily.

{¶ 22} At the outset, the State asserts that Russell's assignment of error is moot, because Russell has been released from prison and he was not placed on post-release control. We do not agree that the issue is moot. Russell's assignment of error is directed to the validity of his plea, not the validity of any post-release control obligation. Should we conclude that Russell's plea was not entered knowingly, intelligently, and voluntarily, the effect would be to undo his conviction, not merely the trial court's imposition at sentencing of a discretionary term of post-release control. In other words, Russell seeks to return the case to a status as if no plea had been entered.

{¶ 23} Crim.R. 11(C)(2) requires the court to address the defendant personally and (a) determine that the defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant

is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he or she understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses, and to require the State to prove guilt beyond a reasonable doubt at a trial at which he or she cannot be compelled to testify against himself or herself. *State v. Brown*, 2d Dist. Montgomery No. 21896, 2007-Ohio-6675, ¶ 3.

{¶ 24} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *E.g., State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In contrast, the trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of federal constitutional rights. *Clark* at ¶ 31.

{¶ 25} Furthermore, when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. Prejudice in this context means that the plea would otherwise not have been entered. *Id.* at ¶ 15.

{¶ 26} The parties agree that the trial court erred at the plea hearing when it informed Russell that his three-year term of post-release control would be discretionary, rather than mandatory. The Supreme Court of Ohio has held that the "incorrect recitation of the law fails to meet the substantial compliance standard." *Clark* at ¶ 39. "[T]he trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *Id.* at ¶ 26.

{¶ 27} Nevertheless, the Ohio Supreme Court has distinguished between a trial court's complete failure to comply with a non-constitutional requirement and a court's partial compliance with such a requirement:

When the trial judge does not *substantially comply* with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. The test for prejudice is "whether the plea would have otherwise been made." If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. "A complete failure to comply with the rule does not implicate an analysis of prejudice."

(Citations omitted; emphasis sic.) *Clark* at ¶ 32.

{¶ 28} In *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, the Ohio Supreme Court found that the trial court's failure to address post-release control constituted a complete failure to comply with Crim.R. 11 and thus the defendant was not

required to demonstrate prejudice. The supreme court contrasted the trial court's action from partial compliance, stating: "The trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary. Rather, the court failed to mention postrelease control at all during the plea colloquy." *Sarkozy* at ¶ 22.

{¶ 29} In accordance with *Sarkozy*, this court has held that "partial compliance with Crim.R. 11 is established when the trial court discusses post-release control at the plea hearing but misinforms the defendant as to whether post-release control is mandatory or discretionary, as long as the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Knox*, 2d Dist. Montgomery No. 25774, 2015-Ohio-4198, ¶ 11, citing *State v. Mugrage*, 9th Dist. Summit No. 26062, 2012-Ohio-4802, ¶ 15 and *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2011-Ohio-2055, ¶ 22. In *Knox*, we rejected the defendant's claim that his plea was not knowingly, intelligently, and voluntarily made, because the defendant "failed to point to anything in the record that could lead us to conclude that his plea would have been otherwise if he had known that post-release control was mandatory, rather than discretionary." *Knox* at ¶ 12. *See also State v. Hastings*, 2d Dist. Montgomery Nos. 27212 and 27213, 2018-Ohio-422 (analogizing to *Knox* and finding that the defendant was required to show prejudice where the trial court "merely indicated that post-release control for Hastings' attempted burglary charge was discretionary when it was in fact mandatory.").

{¶ 30} We note that this court recently vacated a plea as not knowingly, intelligently, and voluntarily entered when the trial court used conflicting language at the plea hearing as to whether the defendant's post-release control was discretionary or

mandatory and the plea form likewise used inconsistent language. *State v. Lawson*, 2d Dist. Miami No. 2016-CA-20, 2018-Ohio-1222. However, in *Lawson*, both the defendant and the State agreed not only that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a), but also that Lawson's plea should be vacated. *Lawson* at ¶ 15. Given the State's concession of error and of the need for vacation of Lawson's plea, *Lawson* is not inconsistent with our prior authority that a demonstration of prejudice is required when a trial court indicates at a plea hearing that post-release control is discretionary when it is, in fact, mandatory.

{¶ 31} In this case, we find nothing in the record to suggest that Russell would not have entered his plea had he been informed that his post-release control obligation was mandatory. In fact, when the trial court informed Russell of the maximum penalty that he faced, the court initially informed him that his sentence included "a mandatory period of post release control for a period of three years." After the court substantially completed its plea colloquy and Russell and his attorney had signed the plea form, the trial court reconsidered whether post-release control in the case was mandatory. The court concluded it was not, and defense counsel agreed. The trial court then told Russell:

> THE COURT: Sir, I had previously read to you that the – that there [would] be a mandatory period of post release control of three years. Do you understand that will be non-mandatory?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. That will be up to the parole board to decide if you're on post release control. Do you understand that?

THE DEFENDANT:   Yes, ma'am.

The court then asked Russell for his plea, and Russell pled guilty.

**{¶ 32}** Upon review of the record, we find no indication that Russell was prejudiced by the trial court's mistaken notification that his post-release control was discretionary. The record strongly suggests that Russell would also have entered his guilty plea had the trial simply asked him -- after he had been told that post-release control would be mandatory and after he had signed the plea form -- what plea he wished to enter.

**{¶ 33}** Russell's second assignment of error is overruled.

## IV. Conclusion

**{¶ 34}** The trial court's judgment will be affirmed in part and reversed in part, and the matter will be remanded to the trial court for resentencing on restitution only.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Alice B. Peters
Laura M. Woodruff
Hon. Mary Katherine Huffman