[Cite as *State v. Henderson*, 2013-Ohio-2798.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

CARRIE LYNN HENDERSON

    Appellant

C.A. No.    26682

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 12 04 1188

DECISION AND JOURNAL ENTRY

Dated: June 28, 2013

CARR, Judge.

{¶1}    Appellant, Carrie Henderson, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses.

I.

{¶2}    This matter arises out of a jewelry theft.

{¶3}    On May 9, 2012, the Summit County Grand Jury returned an indictment charging Henderson with one count of theft from the elderly. After initially pleading not guilty to the charge at arraignment, Henderson appeared before the trial court on August 15, 2012, and entered a plea of guilty. Henderson appeared for a sentencing hearing on October 3, 2012, where the trial court imposed a two-year term of community control and ordered Henderson to pay $12,000 in restitution. The trial court's sentencing entry was issued the following day.

{¶4}    On appeal, Henderson raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ARBITRARILY ORDERING A RESTITUTION AMOUNT WITHOUT HOLDING A FULL HEARING UPON APPELLANT'S OBJECTIONS TO THE CALCULATION OF THE AMOUNT OF RESTITUTION IMPOSED.

{¶5} In her sole assignment of error, Henderson argues that the trial court erred by not holding a full hearing on the amount of restitution imposed. This Court agrees.

{¶6} R.C. 2929.18(A)(1) states, in a relevant part:

If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

{¶7} The amount of restitution ordered by the trial court must bear a reasonable relationship to the loss suffered by the victim. *State v. Esterle*, 9th Dist. No. 06CA0003-M, 2007-Ohio-1350, ¶ 5. An award of restitution is limited to the actual loss caused by the defendant's criminal conduct for which he or she was convicted, and there must be competent credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty. *State v. Blay*, 10th Dist. No. 10AP-247, 2010-Ohio-4749, ¶ 7. If the offender disputes the amount of restitution, the trial court is required to hold a hearing on restitution. R.C. 2929.18(A)(1); *State v. Didion*, 173 Ohio App.3d 130, 2007-Ohio-4494, ¶ 15 (3d Dist.).

{¶8} The plea hearing in this case took place on August 15, 2012. At the conclusion of the plea colloquy, as the trial court was in the process of setting a sentencing date, defense

counsel stated, "Your Honor, my client is aware that the State has not provided me with a valuation of the items that were taken, but she is aware of that." The State responded, "Judge, if I can speak to that, I'm not sure about valuation. The items are certainly valued in the ROI by the victim. I think she wants something a little more concrete; certainly probably the court does." The trial court then stated, "One of the things we will do at the sentencing hearing is determine [] the amount of restitution to the requisite – with the requisite degree of proof[]. So we will talk about that at the sentencing."

{¶9} The parties appeared before the trial court for sentencing on October 3, 2012. At the outset of the sentencing hearing, the State indicated that it had just received a document from the victim denoting the value of each piece of jewelry that had been stolen. Defense counsel objected to the admission of the document on the basis that defense counsel had never seen the document prior to sentencing. The trial court noted that while defense counsel had not seen the victim's requested restitution statement, defense counsel did have an opportunity to review the police report, which indicated the value of the stolen jewelry. The trial court proceeded to have a discussion with the victim regarding the value of each item that had been stolen. After that exchange, the trial court stated to Henderson, "Look what you have done to this woman. Look what you have done to her. And, you know, to argue over the value, [defense counsel], really?" Defense counsel replied, "My client admitted to the theft. What I'm arguing is that there is going to be a restitution order, and my client is entitled to ask for an expert for valuation purposes." The trial court responded, "You know what, and maybe you're right about that, but if she is in prison, restitution is really not the issue, is it? Is it? I cannot believe we're arguing over restitution -- you're even talking about restitution in this case. I cannot believe that that's what

you're talking about, that somehow her inability to provide some sort of level of proof is what we're talking about here today."

{¶10} The trial court informed the victim that she likely would not receive any restitution payment from Henderson, stating, "this is [a] person who is never going to pay." Prior to imposing the remaining portions of Henderson's sentence, the trial court indicated that it would order $12,000 in restitution based on the value of the stolen jewelry as stated in the victim impact statement. Defense counsel objected to the restitution order on the basis that she was never provided with an opportunity to contest the amount. The trial court informed defense counsel that the objection would be noted for the record.

{¶11} A review of the record reveals that the trial court erred in imposing restitution without holding a hearing. Henderson objected to the amount of the restitution order. As noted above, R.C. 2929.18(A)(1) provides that an offender is entitled to a hearing if the amount of restitution is in dispute. While there was a passing discussion of restitution at the sentencing hearing, Henderson was never provided with a meaningful opportunity to challenge the amount of the restitution order. Henderson was denied an opportunity to present evidence on the issue, and the trial court's comments at the sentencing hearing intimated that given the extreme emotional toll that the theft had taken on the victim, the trial court was unwilling to consider Henderson's arguments regarding the amount of restitution. Under these circumstances, this matter must be remanded for a hearing on restitution pursuant to R.C. 2929.18(A)(1).

{¶12} Henderson's assignment of error is sustained.

III.

{¶13} Henderson's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the caused remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.