[Cite as *State v. Beverly*, 2019-Ohio-957.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28627 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANDRIENNE BEVERLY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2015-09-2723 |

DECISION AND JOURNAL ENTRY

Dated: March 20, 2019

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Adrienne Beverly, appeals from her conviction in Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

{¶2} Ms. Beverly was charged with one count of unauthorized use of a vehicle, in violation of R.C. 2913.03(B), a felony of the fifth degree. The charge stems from Ms. Beverly's failure to return a vehicle she rented from Avis. She initially entered a plea of not guilty.

{¶3} On November 30, 2015, she withdrew her former plea and entered a plea of guilty to the charge in the indictment. The trial court accepted Ms. Beverly's plea, found her guilty of the offense, and ordered that the case be held in abeyance pending Ms. Beverly's successful completion of the prosecutor's diversion program. As a condition of her participation in the diversion program, Ms. Beverly was ordered, inter alia, to "[m]ake full and complete restitution in the amount of $4,409.62 to Avis Rent-A-Car[.]"

**{¶4}** Ms. Beverly was terminated from the prosecutor's diversion program on March 28, 2017. Accordingly, the trial court reinstated the case and ordered that Ms. Beverly be sentenced to six months of incarceration, which the court suspended upon the condition that she complete eighteen months of community control. The trial court also imposed a condition requiring Ms. Beverly to "make full and complete restitution in the amount of $4,409.62 to Avis Car Rental, the victim in this matter[.]"

**{¶5}** Ms. Beverly appealed from her conviction and presents two assignments of error for our review.

II.

### Assignment of Error I

**The trial court erred in accepting the guilty plea and referring Ms. Beverly to the prosecutor's diversion program then including a fixed award of $4609.62[sic] in restitution.**

**{¶6}** In her first assignment of error, Ms. Beverly argues that the trial court erred by accepting her guilty plea and referring her to the prosecutor's diversion program with a fixed award of restitution. Initially we note that Ms. Beverly's basis for assigning error is somewhat uncertain. In her brief, she hints at several issues, but fails to articulate any clear contention or supporting argument. *See* App.R. 16(A)(7). Further confusing the issue, Ms. Beverly argues that her plea should be set aside, but then requests that her "*entire* plea" not be set aside, and, instead, the restitution award and community control be vacated and the matter remanded for a hearing. However, this Court will not "guess at undeveloped claims on appeal" or construct arguments to support an assignment of error. *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶ 31, citing *Elyria Joint Venture v. Boardwalk Fries, Inc.*, 9th Dist. Lorain No. 99CA007336, 2001 WL 10852, *3, and quoting *Cardone v. Cardone*,

9th Dist. Summit No. 18349, 1998 WL 224934, *8. Accordingly, we confine our review to the only cognizable issue sufficiently related to the assignment of error: whether the trial court erred in accepting Ms. Beverly's guilty plea if the issue of restitution was not properly addressed in accordance with Crim.R. 11.

**{¶7}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). The trial court must engage a defendant in a colloquy as described in Crim.R. 11(C), and "the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 26. "'[R]eviewing courts must engage in a multitiered analysis to determine whether the trial court failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy.'" *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 6, quoting *Clark* at ¶ 30. "'[I]f the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty * * *, a substantial-compliance rule applies.'" *State v. Lee*, 9th Dist. Wayne No. 16AP0060, 2018-Ohio-3418, ¶ 6, quoting *Clark* at ¶ 31. The substantial compliance standard means that, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving[.]'" *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

**{¶8}** Ms. Beverly bases her argument that the trial court erred in accepting her plea on the discussion of restitution during the plea colloquy. Ms. Beverly contends that none of the plea negotiations were placed on the record and implies that she was not properly informed of the

maximum penalty involved and consequences of the plea as required by Crim.R. 11(C)(2)(a). Specifically, Ms. Beverly implies that the trial court failed to tell her that "restitution could be up to any maximum amount[,]" but instead told her restitution would have to be paid to successfully complete the diversion program and "that the amount of restitution was fixed at $4,409.62 when she entered her plea[,]" without having "asked if she agreed to that amount as part of the [Crim.R.11(F)] plea negotiations[.]"

{¶9} Ms. Beverly's claims regarding the plea colloquy are belied by the record. At the plea hearing the State informed the trial court that they had reached a plea agreement with Ms. Beverly, and stated the following on the record in open court:

> For the record, Your Honor, Ms. Beverly is going to enter a plea of guilty to the indictment. And I've made the appropriate contacts and calls for the Prosecutor's Diversion Program and the amount of restitution owed, Your Honor, is $4,409.62 and that's to Avis Rent a Car System. And it reads on here for the record, Your Honor, that any court documents and restitution payments should be sent to Avis Rent A Car System Company, LLC, attention Corporate Security Department, 300 Centre Point Drive, Virginia Beach, Virginia 23462.

The State then clarified that Ms. Beverly would not make payments for restitution directly to the victim, Avis, but through the probation department. Thus, the record evidences that the plea agreement contemplated that Ms. Beverly would plead guilty to the indictment, enter the prosecutor's diversion program, make payments for restitution, and that $4,409.62 was the correct amount of restitution owed.

{¶10} Following the State's representation of a plea agreement, the trial court confirmed that Ms. Beverly was voluntarily entering her plea of guilty, and that she was satisfied with the work of her attorney. The trial court inquired as follows:

> If you plead guilty to unauthorized use of a motor vehicle, Ms. Beverly, the maximum sentence that could be imposed upon you is 12 months in prison. You could be fined up to $2500. There's $4,409.62 in restitution that will have to be

paid back in order for you to successfully complete the diversion program. Do you understand the maximum penalties?

Ms. Beverly replied, "Yes." In this instance, the record reflects that the trial court did not inform Ms. Beverly that restitution was "fixed as $4,409.62" but that the court inquired as to whether Ms. Beverly understood that, per the plea agreement, she would need to pay the $4,409.62 in restitution in order to complete the diversion program. Ms. Beverly responded in the affirmative, acknowledging the agreement.

{¶11} Further, the trial court proceeded with an explanation of constitutional rights. The following exchange then took place on the record:

THE COURT: All right. Those are your constitutional rights. Do you understand each and every one of those constitutional rights, Ms. Beverly?

MS. BEVERLY: Yes, I do.

THE COURT: If you plead guilty you're going to give up every single one of those constitutional rights. Do you understand that?

MS. BEVERLY: Yes.

After the trial court explained and confirmed that Ms. Beverly understood the appellate rights she would give up by pleading guilty, the court went on to explain the following:

The court could also impose financial sanctions on you. That simply means that I could order you to pay restitution, fines, court costs, attorneys fees, probation fees.

Do you understand financial sanctions could attach to this plea, Ms. Beverly?

Ms. Beverly responded, "Yes", indicating she understood the financial sanctions, including restitution, that could be imposed by the court based on her plea.

{¶12} The record does not support Ms. Beverly's contention that the essential terms of the plea agreement, including the amount of restitution, were not placed in the record. During the plea hearing, on the record in open court, the State indicated the terms of the agreement

underlying the plea, which included the amount of restitution owed. In this matter, the amount of restitution was an essential term of the plea agreement because Ms. Beverly agreed to make full and complete restitution to the victim as a condition of her participation in the prosecutor's diversion program. The State represented that restitution was owed in the amount of $4,409.62. Ms. Beverly acknowledged that she was obligated to pay the restitution in that amount in order to successfully complete the diversion program. Ms. Beverly also acknowledged that financial sanctions attached to her guilty plea, and the trial court could order her to pay restitution.

{¶13} The record shows that the trial court confirmed both Ms. Beverly's understanding of and assent to the plea agreement, which included her acknowledgement of $4,409.62 owed in restitution, as well as the maxim penalties and financial sanctions that could be imposed as a consequence of the plea. The record demonstrates no infirmity in the trial judge's explanation of Ms. Beverly's rights and full compliance with Crim.R. 11 with respect to the issues raised by Ms. Beverly. We conclude that Ms. Beverly's arguments lack merit and, accordingly, we overrule her first assignment of error.

## Assignment of Error II

**The journal entry of sentence imposing 18 months of community control and ordering restitution of $4,409.62 is an abuse of discretion, unsupported by the record, and contrary to law[.]**

{¶14} After terminating Ms. Beverly from the prosecutor's diversion program on March 28, 2017, the trial court reinstated the case and proceeded to sentence Ms. Beverly to six months of incarceration, which the court suspended on the condition that she complete eighteen months of community control. As part of the sentence, the trial court also imposed a condition requiring Ms. Beverly to "make full and complete restitution in the amount of $4,409.62 to Avis Car Rental, the victim in this matter[.]" In her second assignment of error, Ms. Beverly contends that

the trial court erred by imposing a sentence of eighteen months of community control. She also contends that the trial court erred by imposing a financial sanction of restitution in the amount of $4,409.62.

**Restitution**

{¶15} Ms. Beverly's "first issue involves the imposition of restitution, which is evaluated under an abuse of discretion standard." *State v. Myers*, 9th Dist. Wayne No. 06CA0003, 2006-Ohio-5958, ¶ 12. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶16} Ms. Beverly concedes that "no restitution hearing was ever sought or held" in this matter. She also acknowledges that a trial court is only required to conduct a hearing if the offender or victim disputes the amount ordered. *See State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, paragraph two of the syllabus. However, Ms. Beverly asserts that, even in the absence of a hearing, the trial court abused its discretion by ordering restitution in the amount of $4,409.62 because the record lacks proof of the actual loss suffered by the victim as a result of the offense.

{¶17} We agree that the trial court is not required to hold a hearing on restitution where, as is the case here, the offender does not dispute the amount of restitution. *See State v. Henderson*, 9th Dist. Summit No. 26682, 2013-Ohio-2798, ¶ 7, citing R.C. 2929.18. Nonetheless, "there must be competent credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty." *Henderson* at ¶ 7. "The

amount of restitution ordered by the trial court must bear a reasonable relationship to the loss suffered by the victim." *Id*. citing *State v. Esterle,* 9th Dist. Medina No. 06CA0003-M, 2007-Ohio-1350, ¶ 5.

{¶18} As discussed in the previous assignment of error, the amount of restitution—$4,409.62—was an express term of the plea agreement. Ms. Beverly agreed to make full and complete restitution in that amount as a condition of her participation in the prosecutor's diversion program. The State indicated on the record during the plea colloquy that $4,409.62 was the correct amount of restitution owed to the victim. Further, Ms. Beverly acknowledged that restitution could be imposed as a penalty at sentencing. Ms. Beverly's failure to make "any real effort at restitution" was a significant factor in the trial court's decision to terminate her from the diversion program, reinstate the case, and sentence Ms. Beverly. During sentencing the trial judge informed Ms. Beverly that "[t]he court is going to order restitution to be made to Avis in the amount of $4,409.62[,]" and imposed restitution as a condition of community control. In the first assignment of error we affirmed the validity of Ms. Beverly's guilty plea. Ms. Beverly not only failed to dispute $4,409.62 as the amount owed for restitution, but, rather, she acknowledged that as the amount owed pursuant to her plea agreement. Accordingly, she cannot challenge the trial court's award of $4,409.62 at sentencing. *See Lalain*, 2013-Ohio-3093 at ¶ 10. A counseled defendant who enters a valid guilty plea waives all nonjurisdictional defects in prior stages of the proceedings. *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 78 (2004), citing *Ross v. Common Pleas Court of Auglaize Cty.*, 30 Ohio St.2d 323, 323–24 (1972). Accordingly, we conclude that Ms. Beverly waived her right to allege error regarding the trial court's imposition of $4,409.62 in restitution.

**Community Control**

{¶19} Ms. Beverly next contends that the trial court abused its discretion when it imposed eighteen months of community control. The trial court sentenced Ms. Beverly to six months of incarceration and stayed that sentence upon the condition that Ms. Beverly complete eighteen months of community control. At the sentencing hearing the trial judge indicated that Ms. Beverly would have to pay approximately $4,000.00 in restitution and stated:

> Let's say even if the court gave you two years of probation or 18 months on probation you'd have to make a good faith attempt to pay something on it every month. What's going to happen is at a certain point in time your attorney will make a motion that you should be terminated early and if there's a good faith effort at restitution then that may be converted to a judgment against her in favor of Avis. And then the company can knock themselves out in a civil suit. I guess what I'm saying is I'm looking at 18 months.

Ms. Beverly's attorney responded, "Understood, Your Honor."

{¶20} In her brief, Ms. Beverly asserts that the amount of time imposed for community control appears to be based primarily on Ms. Beverly's ability to pay restitution, and not her need for supervision. However, Ms. Beverly fails to clearly identify an error, and has not articulated any support for her contention that the term of eighteen months of community control was an abuse of discretion. This court will not create an argument supporting this assignment of error on Ms. Beverly's behalf. *See Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8, citing App.R. 12(A)(2) and 16(A)(7).

{¶21} Ms. Beverly's second assignment of error is overruled.

III.

{¶22} Ms. Beverly's first and second assignments of error are overruled. The judgement of the Summit County Court of Common Pleas is affirmed.

Judgement affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

MARK H. LUDWIG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.