[Cite as *State v. Benko*, 2019-Ohio-3968.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

JAMES BENKO

    Appellant

C.A. Nos.    18CA011388
                18CA011389


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17CR096724

DECISION AND JOURNAL ENTRY

Dated: September 30, 2019

---

SCHAFER, Judge.

{¶1} Defendant-Appellant, James Benko, appeals his convictions in the Lorain County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

{¶2} Mr. Benko was charged in case number 17CB096724 with one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree. In a separate case, 17CR097346, Mr. Benko was charged with one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree, and one count of theft in violation of R.C. 2913.02(A), a felony of the fourth degree. All charges stem from Mr. Benko entering a home and taking coins from his brother's coin collection.

{¶3} Mr. Benko initially pleaded not guilty to all charges. Ultimately, he entered a plea of no contest to the charges in both cases. Upon the facts set forth in the indictments and the statement of facts given by the State, the trial court found Mr. Benko guilty as to the sole

count in 17CB096724 and both counts in 17CR097346. Before the matter could proceed to sentencing, the trial court noted disagreement between the parties as to the amount of restitution to be awarded, and set the matter over for a restitution hearing.

{¶4} Following the restitution hearing, where the State presented the testimony of the victim, Mr. Benko's brother, the trial court took the issue of restitution under advisement and set the matter over for a sentencing hearing. At sentencing, the trial court ordered restitution in the amount of $41,521.00 in 17CR097346. The trial court did not order restitution in 17CB096724. Mr. Benko was sentenced to community control for a term of two years for both cases.

{¶5} Mr. Benko appealed from his convictions and presents one assignment of error for our review. We note at the outset that Mr. Benko's assigned error challenges only the portion of his sentence ordering restitution in 17CR097346. Mr. Benko has not assigned any error or raised any argument with respect to his conviction in 17CB096724. Therefore, this Court affirms the judgment of the trial court in 17CB096724. We proceed to review Mr. Benko's assignment of error challenging his sentence in 17CR097346.

II.

### Assignment of Error

**The trial court erred by ordering a restitution amount not supported by competent credible evidence.**

{¶6} In his assignment of error, Mr. Benko argues that the State failed to present sufficient evidence to substantiate his brother's claimed loss.

{¶7} This Court reviews a restitution order for an abuse of discretion. *State v. Myers*, 9th Dist. Wayne No. 06CA0003, 2006-Ohio-5958, ¶ 12. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, (1983). When applying this

standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8} Mr. Benko argues that the inventory list and spreadsheet prepared by his brother and submitted at the hearing are not competent, credible evidence. Further, Mr. Benko contends that the coin trade publication that was the subject of his brother's testimony and the source he used to value the coins missing from his collection "should have been made part of the record to verify the values claimed." Mr. Benko also asserts that his brother's "[s]elf-serving testimony does not achieve a reasonable degree of certainty."

{¶9} "The amount of restitution ordered by the trial court must bear a reasonable relationship to the loss suffered by the victim." *State v. Henderson*, 9th Dist. Summit No. 26682, 2013-Ohio-2798, ¶ 7 citing *State v. Esterle,* 9th Dist. Medina No. 06CA0003-M, 2007-Ohio-1350, ¶ 5. "[T]here must be competent credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty." *Id*. "The evidence to support a restitution order can take the form of either documentary evidence or testimony." (Citations omitted.) *State v. Jones*, 10th Dist. Franklin No. 14AP-80, 2014-Ohio-3740, ¶ 23.

{¶10} The trial "court may base the amount of restitution it orders on an amount recommended by the victim[.]" R.C. 2929.18(A)(1). "A victim's testimony alone [can be] sufficient to establish economic loss for the purpose of a trial court's restitution order." *Jones* at ¶ 24, citing *State v. Policaro* 10th Dist. No. 06AP-913, 2007-Ohio-1469; *see State v. Tabasso*, 8th Dist. Cuyahoga No. 98248, 2013-Ohio-3721, ¶ 15, *State v. Sexton*, 1st Dist. Hamilton No. C-110037, 2011-Ohio-5246, ¶ 5, *In re Czika*, 11th Dist. Lake No. 2007-L-009, 2007-Ohio-4110, ¶ 8, *In re Hatfield*, 4th Dist. Lawrence No. 03CA14, 2003-Ohio-5404, *State v. McClain*, 5th Dist. Licking No. 2010 CA 00039, 2010-Ohio-6413, ¶ 34. Where the court holds a hearing on

restitution the offender has the "opportunity to cross-examine the witness about the amount of restitution" and challenge the amount recommended by the victim. *State v. Choate*, 9th Dist. Summit No. 27612, 2015-Ohio-4972, ¶ 41.

{¶11} At the restitution hearing in this matter, the brother testified that he had been a coin collector for almost sixty years and had amassed an expansive and valuable coin collection. The brother testified that he discovered Mr. Benko had taken from him a roll of rare 1957 uncirculated full bell lines half dollars and a roll of 1945-S Jefferson nickels. The brother also testified that he noticed "a whole bunch of Barber quarters laying on the floor[,]" which alerted him to check his collection. He found that many of his "rare coins" and "blue books were missing." This prompted the brother to start making phone call inquiries to local coin shops to inquire about his missing coins. When the brother called Akron Coin and Jewelry, they informed him that, coincidentally, Mr. Benko was presently in the store attempting to sell coins. According to the brother's testimony, a coin shop in Hartville informed him that they had purchased coins from Mr. Benko.

{¶12} The brother was able to purchase a portion of his coins back from one shop at the cost of $1,100.00. However, he stated that the shop had removed the rare coins from his collector books. State's Exhibit A is a three-page inventory of coins the brother averred remained missing after his attempt to recover the coins Mr. Benko had taken. The list describes the items missing from the coin collection along with the corresponding value of the coins. The brother testified that he consulted the most recent spring edition of a publication called the CPG Coin & Currency Market Review to determine the value of the coins. He listed the current cost to replace the coins in a spreadsheet entered into evidence as State's Exhibit B. According to the

brother's testimony, the total economic loss to him was $48,521.00 in missing coins, plus the $1,110.00 he expended recovering coins, for a total of $49,621.00.

{¶13} During cross-examination, Mr. Benko's trial counsel questioned the brother as to the accuracy of his inventory and recordkeeping of his coin collection. At the conclusion of the hearing, Mr. Benko objected to the admission of State's Exhibits A and B on the basis that the publication the brother consulted to determine the amount was not made part of the record. Mr. Benko also argued that the inventory list, created almost a year after the coins were taken, was insufficient to substantiate the brother's claim for restitution in that amount. The trial court overruled the objections, took the issue of restitution under advisement, and set the matter over for a sentencing hearing.

{¶14} At the sentencing hearing, the trial court found that the State presented sufficient evidence to demonstrate that the items the brother claimed Mr. Benko took were related to 17CR097346. The trial court found that the brother's total loss for the coins included the $1,100.00 he paid to recover coins from the coin shop. Additionally, the trial court reviewed the values listed on State's Exhibit B and determined that the list contained an error stating the value of certain coins at $9,000.00 instead of $900.00. To account for the discrepancy, the trial court deducted the $8,100.00 difference from the $48,521.00 total calculated by the brother, arriving at a figure of $40,421.00 for missing coins. Combining the $40,421.00 figure with the $1,100.00 expense, the trial court ordered restitution in the amount of $41,521.00.

{¶15} Although Mr. Benko contends that the evidence and testimony was not sufficient to support the amount of the award, he fails to provide any authority to support his contention that the brother's testimony and evidence presented at the restitution hearing could not serve as competent, credible evidence of the restitution amount. Furthermore, contrary to Mr. Benko's

argument, it was not the brother's obligation to provide Mr. Benko with additional documentary evidence to assist Mr. Benko in presenting a challenge to the brother's claimed value of the coins. R.C. 2929.18(A)(1) "does not require that specific type of evidence." *State v. Sexton*, 1st Dist. Hamilton No. C-110037, 2011-Ohio-5246, ¶ 5. Mr. Benko had the opportunity to cross-examine the victim and challenge his testimony regarding the coins he identified as having been stolen from his collection and the value of those coins. Mr. Benko failed to substantiate his claim that the victim's evidence and testimony was not competent, credible evidence establishing his loss to a reasonable degree of certainty. This Court concludes that the trial court did not err in entering its award of restitution.

{¶16} Mr. Benko's assignment of error is overruled.

### III.

{¶17} Mr. Benko's assignment of error is overruled. The judgments of the Lorain County Court of Common Pleas are affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and DANIELLELA BEARDEN, Assistsant Prosecuting Attorney, for Appellee.