[Cite as *Copley Twp. Bd. of Trustees v. Patel*, 2020-Ohio-5253.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

COPLEY TOWNSHIP BOARD OF
TRUSTEES

    Appellee

    v.

DIPEN PATEL, et al.

    Appellants

C.A. No.    29591

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2018-09-3969

DECISION AND JOURNAL ENTRY

Dated: November 12, 2020

SCHAFER, Judge.

**{¶1}** Defendants-Appellants, Dipen Patel and Sunstar Akron, Inc., appeal the judgment of the Summit County Court of Common Pleas issuing a permanent injunction enjoining them from operating a motel after determining they had failed to purge their contempt. We affirm.

I.

**{¶2}** Mr. Patel is the sole owner of Sunstar Akron, Inc. (collectively "Sunstar"), doing business in Summit County, Ohio as Motel 6 or Travelodge and operating a motel at 99 Rothrock Loop in Copley Township. In September 2018, Plaintiff-Appellee, Copley Township Board of Trustees ("Copley Township"), filed a complaint in the Summit County Court of Common Pleas seeking a declaratory judgment that the motel constituted a public nuisance and that the conditions existing at the motel violated Copley Township's zoning resolution, and requesting an order that Sunstar abate the conditions on the property constituting a public nuisance. The complaint also requested injunctive relief to preclude Sunstar from violating the Copley Township zoning

resolution. In February 2019, Copley Township filed a motion for a preliminary injunction against Sunstar seeking to enjoin Sunstar from operating the motel. Sunstar opposed the motion.

{¶3} On March 26, 2019, the trial court entered an agreed judgment entry pursuant to an agreement reached between Copley Township and Sunstar. Pursuant to the agreed judgment entry, the trial court would retain jurisdiction over this matter to enforce all of the terms and conditions set forth in the agreement. The judgment entry also included a provision stating that any violation of the judgment entry by Sunstar would subject Sunstar to a finding of contempt.

{¶4} On June 3, 2019, Copley Township filed a motion to show cause asserting that Sunstar was in contempt of the March 2019 agreed judgment entry for failing to comply with the terms and conditions of the agreement. Following multiple continuances of the show cause hearing, the parties entered into an agreement on August 30, 2019, wherein the parties agreed that Sunstar was in violation of the March 2019 agreed judgment entry. The parties further agreed that Sunstar was violating the Copley Township zoning resolution and that the violations constituted a public nuisance. Consequently, Sunstar agreed that it would cease operation of the motel on September 30, 2019, as an agreed penalty for its contempt. The parties also agreed that Sunstar was entitled to purge the contempt by fully complying with the March 2019 agreed judgment entry by September 27, 2019. Accordingly, the parties agreed to conduct a walk-through of the property on or before September 27, 2019, and to provide notification to the trial court, in writing, whether Sunstar complied with the agreement. Finally, the parties agreed that if Sunstar did not comply by September 27, 2019, the trial court would enter a judgment enjoining Sunstar, its successors, assigns, or transferees, from further operation of any business at 99 Rothrock Loop in Copley Township.

{¶5} On October 4, 2019, Copley Township filed a notification of noncompliance, asserting Sunstar had failed to comply with the terms and conditions of the March 2019 agreed judgment entry and requesting the trial court issue an order permanently enjoining Sunstar from operating the motel. Following a purge hearing, the trial court issued a judgment entry determining that Sunstar had failed to purge its contempt. Consequently, the trial court issued a permanent injunction enjoining Sunstar from operating a hotel in, on, or from the property located at 99 Rothrock Loop in Copley Township.

{¶6} Sunstar filed this timely appeal, raising two assignments of error for our review.

II.

**Assignment of Error I**

**The trial court erred in determining that [Sunstar] failed to purge based on violations that occurred after the contempt hearing.**

{¶7} In its first assignment of error, Sunstar contends that the trial court erred when it determined Sunstar had failed to purge its contempt because the trial court considered fire code and maintenance code violations that occurred after the contempt hearing. Upon review, we determine that Sunstar's argument has no merit.

{¶8} Pursuant to the parties' August 30, 2019 agreement, Sunstar specifically agreed that it was in violation of paragraphs one, three, four, and seven of the March 2019 agreed judgment entry. Pursuant to the August 30, 2019 agreement, the parties agreed that Sunstar could purge its contempt by fully complying with the March 2019 agreed judgment entry. The March 2019 agreed judgment entry provided as follows:

> 1. Patel and Sunstar and all subsequent operators and owners shall install and maintain video cameras on each exterior wall of each building of the Facility. At least one such video camera shall monitor the designated parking space utilized for guest registration purposes. Television monitors shall be installed in the Manager's office and the premises shall be kept under twenty-four (24) hour surveillance. The

videotapes (or other electronic media) shall be secured in the Manager's office for thirty (30) days. The Copley Police Department is authorized at any time and without notice to remove and/or review the videotapes (or other electronic media) to determine if any illegal activity has taken place on the premises, or to assist in any investigation of such illegal activity. Signs shall be conspicuously posted throughout the Facility indicating that the area is under video surveillance. Patel and Sunstar, and all subsequent operators and owners shall not alter or destroy the videotapes (or other electronic media) for any other purpose whatsoever.

2. Patel and Sunstar shall immediately bring the Facility into compliance with all Building and Fire Codes, and specifically remedy all outstanding notices of violation. Patel and Sunstar and all subsequent operators and owners shall thereafter maintain the Facility in full compliance with all applicable Building, Fire and other regulatory Codes.

3. Patel and Sunstar shall immediately designate not less than two (2) parking spaces at the entrance of the Facility to be used exclusively for guest registration purposes.

4. Patel and Sunstar shall erect [a] fence around the exterior of the premises (except for the front of the building) in conformance with the requirements set forth in the Copley Township Zoning Resolution after securing all required permits within ninety (90) days of the date of the filing of this Judgment Entry.

[5.] Patel and Sunstar shall implement a guest registration procedure for persons renting rooms at the Facility. Each guest registrant shall be required to produce two forms of identification, one of which must use a photograph identification, and to complete a guest registration form that shall include the registrant's name, permanent address, telephone, length of stay and the identification of all motor vehicles by manufacturer, model and license plates. Guest registration applications shall also contain the names, addresses and telephone numbers of all other people who will occupy the room. Room capacity is limited to the number of bed space in a given room. Upon reasonable belief that more than the stated number of individuals are occupying the room, the manager on duty shall cause unregistered persons to leave the premises.

[6.] Patel and Sunstar and all subsequent operators and owners shall immediately investigate and remedy all incidents and complaints of illegal and/or disruptive activity, including but in no way limited to drug possession, sales or use, prostitution, excessive noise or loitering. All incidents of illegal activity shall be promptly reported to the Copley Police Department. Patel, Sunstar and all subsequent operators and owners shall fully cooperate in the investigation and prosecution of any criminal charges that arise from illegal activity on the premises.

[7.] Patel and Sunstar and all subsequent owners and operators shall enforce the "Hotel No Party Policy" * * *.

{¶9} At the hearing, Copley Township argued that in addition to not being in compliance with the August 30, 2019 agreement, Mr. Patel was also in violation of several building maintenance codes and fire codes. In response, Mr. Patel asserted that because he was not cited for some of the specific building maintenance and fire code violations until the September 27, 2019 walkthrough, those violations should not be considered a failure to comply with the August 30, 2019 agreement. The trial court did not make a specific determination on the issue, instead determining that the issue may be moot because, "[w]e have an order. The parties have agreed. If there's not compliance, and [Sunstar] can't demonstrate compliance – and that's [Sunstar]'s burden – then the issue is moot."

{¶10} Regarding the violations, the trial court noted that Copley Township's notice of noncompliance stated that Sunstar received an inspection from the State Fire Marshal on September 24, 2019, and—referencing paragraph 2 of the parties' August 30, 2019 agreement— asked what evidence Mr. Patel had to show that the fire code violations identified during the inspection had been corrected on or about September 27, 2019. The Court also questioned Mr. Patel regarding Sunstar's noncompliance with building codes. Though Mr. Patel asserted he did not have prior notice of the majority of the listed violations, the Court stated, "You're calling these new things. They are not new. These are requirements for business owners." Mr. Patel subsequently testified that most of the violations had been corrected within a few days, but admitted at least two violations had yet to be corrected.

{¶11} Despite the discussions related to the fire code and building maintenance violations outlined above, and the parties' agreement—pursuant to paragraph 2—that Sunstar was required to immediately bring the property into compliance with all building and fire codes in order to purge its contempt, the trial court did not determine that Sunstar had failed to purge its contempt based

on those violations. It is well established that a court speaks only through its journal entries. *State v. Castagnola*, 9th Dist. Summit Nos. 28621, 28672, 28702, 2018-Ohio-1604, ¶ 27, quoting *Schenley v. Kauth*, 160 Ohio St. 109, 111 (1953). The trial court's judgment entry does not address paragraph two nor state any findings related to building or fire codes. Instead, the trial court stated that pursuant to the parties' agreement, Sunstar was required to comply with paragraphs one, three, four, and seven of the parties' March 2019 agreed judgment entry and that Sunstar had not purged itself of the contempt by September 27, 2019. The court stated that it reached this decision "for the reasons stated on the record." A review of the transcript shows that, after reciting all of the terms Sunstar agreed to, the trial court stated that based on the evidence presented at the hearing and Mr. Patel's own admissions, Sunstar had not purged itself of the contempt. The trial court further noted that Sunstar was still not in compliance with the parties' original agreement.

{¶12} Sunstar's first assignment of error is overruled.

### Assignment of Error II

**The trial court erred in determining that [Sunstar] failed to purge, [n]otwithstanding [Sunstar's] [s]ubstantial [c]ompliance.**

{¶13} In its second assignment of error, Sunstar states that the trial court erred when it determined that Sunstar had failed to purge its contempt despite Sunstar's alleged substantial compliance. Sunstar maintains that it "purged all items that were part of the contempt order" and, so, "the question is whether [Sunstar] also corrected all of the alleged building, fire and maintenance code violations identified" in Copley Township's notice of non-compliance.

{¶14} Although Sunstar states in its assigned error that it substantially complied and argues that it "purged all items that were part of the contempt order," Sunstar does not point to any part of the record to support its claim nor does it develop this argument in any way. *See* App.R. 16(A)(7). "[T]his Court will not 'guess at undeveloped claims on appeal' or construct arguments

to support an assignment of error." *State v. Beverly*, 9th Dist. Summit No. 28627, 2019-Ohio-957, ¶ 6, quoting *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶ 31.  We have repeatedly held that "[i]f an argument exists that can support [an] assignment of error, it is not [our] duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶15}  Sunstar also appears to argue that paragraph two of the parties' March 2019 agreed judgment entry—requiring Sunstar to immediately bring the property into compliance with building and fire codes—as restated as a term in the parties' August 30, 2019 agreement, was unenforceable because it sought to regulate future conduct and did not allow Sunstar to purge the contempt.  As we recognized in assignment of error one, the trial court's entry determining that Sunstar failed to purge the contempt does not address paragraph two nor does it state any findings related to building or fire codes.  Regardless, Sunstar again fails to develop an argument to support its contention and we decline to do so for it.  *See Beverly* at ¶ 6, quoting *McPherson* at ¶ 31.

{¶16}  Sunstar's second assignment of error is overruled.

### III.

{¶17}  Sunstar's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

 

 

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

DAVID S. NICOL, Attorney at Law for Appellants.

DAVID L. FIRESTINE, BETSY L. HARTSCHUH, and JAY E. KRASOVEC, Attorneys at Law, for Appellee.